UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUCIA LOPEZ CATZIN, individually and on
behalf of others similarly situated,

               Plaintiff,

     -against-

THANK YOU & GOOD LUCK CORP.,
ZENG LAN WANG, OFFBROADWAY
LAUNDROMAT INC., 2167 3RD AVE
LAUNDROMAT LLC and IGOR BIRZH,

          Defendants.

Case No.:

**COMPLAINT**

**Collective    Action    and    Class    Action
Complaint**

        Plaintiff LUCIA LOPEZ CATZIN individually and on behalf of other similarly situated employees by and through her attorneys, SERRINS FISHER LLP, allege against Defendants THANK YOU & GOOD LUCK CORP. ("Thank You"), ZENG LAN WANG ("Wang")(Thank You and Wang are collectively the "Wang Defendants"), OFFBROADWAY LAUNDROMAT INC. ("OffBroadway"), 2167 3RD AVE LAUNDROMAT LLC ("2167") and IGOR BIRZH ("Birzh")(OffBroadway, 2167 and Birzh are the "Bubble Defendants") as follows:

## JURISDICTION AND VENUE

        1.      This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 201 *et seq.* (Fair Labor Standards Act), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over the New York State law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this District because Defendants conduct business in this district, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

## THE PARTIES

3.      Defendant Thank You is a dissolved domestic business corporation previously organized and existing under the laws of the State of New York and maintained its principal place of business at 2234 First Ave., New York, NY 10029.

4.      Defendant OffBroadway is a domestic business corporation organized and existing under the laws of the State of New York and maintaining its principal place of business at 224 West 104th Street, New York, NY 10025.

5.      Defendant 2167 is a domestic limited liability company organized and existing under the laws of the State of New York and maintaining its principal place of business at 2167 Third Ave., New York, NY 10035.

6.      Upon information and belief, at all times relevant hereto, Wang Defendants were a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

7.      Upon information and belief, at all times relevant hereto, Bubble Defendants are a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

8.      Upon information and belief, at all relevant times hereto, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203.

2

9.      Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

10.     At all relevant times hereto, Plaintiff was engaged in interstate "commerce" within the meaning of the FLSA.

11.     Defendants have been Plaintiff's employers within the meaning of the New York State Labor Law ("NYLL") §§ 2, 190, and 651.

12.     Upon information and belief, Defendant Wang resides in the State of New York and is an owner, manager and/or employee of Defendant Thank You.

13.     Upon information and belief, Defendant Birzh resides in the State of New York and is an owner, manager and/or employee of Defendants 2167 and OffBroadway.

14.     Bubble Defendants own and operate sixteen laundromats in New York City under the name "Ms. Bubble."

15.     Upon information and belief, Bubble Defendants are owned and/or operated by the same individuals including Defendant Birzh, share employees and equipment, and apply the same payroll policies to all of their employees.

16.     Plaintiff worked at two of Bubble Defendants' Manhattan locations: 2224 1st Avenue and 2167 3rd Ave.

17.     Bubble Defendants paid Plaintiff the same rate and in the same unlawful manner no matter at which laundromat she worked.

**Bubble Defendants are a Successor-in-Interest of Defendant Thank You.**

18.     Defendant Thank You owned a laundromat located at 2224 1st Avenue, New York, NY ("Laundromat").

19.     Upon information and belief, in December 2014, Bubble Defendants purchased the Laundromat.

20.     Shortly after Bubble Defendants purchased the Laundromat, Defendant Thank You was dissolved fin April 2015.

21.     Bubble Defendants continues to operate the Laundromat and retained majority of Defendant Thank You's previous employees.

22.     Indeed, Plaintiff worked at the Laundromat both before and after the sale.

23.     The Laundromat remains in the same location and uses the same equipment.

24.     Upon information and belief, Bubble Defendants purchased the assets and liabilities of the Laundromat.

25.     Bubble Defendants was aware or should have been aware of Wang Defendants' legal improprieties before purchasing the Laundromat.  Even a cursory review of Defendants' payroll practices at the time of the sale would have alerted Bubble Defendant that Defendant Thank You had violated several federal and New York State wage laws.

26.     Bubble Defendants retained many of Wang Defendants' unlawful pay practices.

27.     Bubble Defendants operated the Laundromat in substantial continuity with Wang Defendants and is liable to Plaintiff and other similarly situated employees for Wang Defendants' violations.

### Defendant Wang and Defendant Birzh are Individually Liable for the Wage Violations

28.     Defendant Wang was, upon information and belief, a principal and officer of Defendant Thank You.

29.     Upon information and belief, Defendant Birzh is a principal and officer of Defendants OffBroadway and 2167.

30.     Defendant Wang possessed the authority to hire and fire employees of Defendant Thank You, supervise their work schedules, set their rates of pay, and maintain payroll records.

31.     Defendant Wang hired Plaintiff, set her rate of pay, and set her work schedule.

32.     Defendant Birzh possessed the authority to hire and fire employees of Bubble Defendants, supervise their work schedules, set their rates of pay, and maintain payroll records.

33.     Defendant Birzh continued Plaintiff's employment after Bubble Defendants purchased the Laundromat, set her rate of pay, and set her work schedule.

34.     Defendant Birzh, as one of the ten largest shareholders of Defendants 2167 and OffBroadway is individually responsible for unpaid wages under the New York Business Corporation Law (**Exhibit 1**).

35.     Defendant Wang exercised sufficient operational control over Defendant Thank You's operations to be considered Plaintiff's employer under FLSA and NYLL.

36.     Defendant Birzh exercises sufficient operational control over Defendants 2167 and OffBroadway's operations to be considered Plaintiff's employer under FLSA and NYLL.

## NATURE OF THE ACTION

37.     Plaintiff brings this action (a) pursuant to the FLSA and the regulations thereto on behalf of herself and other similarly situated employees who were employed by Defendants within three (3) years before the filing of the instant Complaint; and (b) pursuant to

the NYLL (§ 650 *et seq.*) and the New York Commissioner of Labor's Wage Order (the "Wage Orders,") codified at 12 N.Y.C.R.R. 141 *et seq.* on behalf of herself and other similarly situated employees who worked on or after the date that is six (6) years before the filing of the instant Complaint based upon the following acts and/or omissions which Defendants committed:

    i.   Wang Defendants' failure to pay the applicable minimum wage for each hour Plaintiff worked as required by federal and state law and regulations;

    ii.   All Defendants' failure to pay overtime compensation required by federal and state law and regulations to Plaintiff, who worked in excess of forty (40) hours per week;

    iii.  All Defendants' failure to provide Plaintiff with a wage notice and paystubs as required by NYLL § 195;

    iv.  Wang Defendants' failure to provide Plaintiff with spread-of-hours payments under 12 NYCRR 146-1.6; and

    v.   Bubble Defendants' policy to take unlawful deductions from Plaintiff's pay in contravention of NYLL § 193.

38.    Defendants have knowingly and willfully engaged in a policy, pattern or practice of violating the FLSA and NYLL, as detailed in this Complaint.

## FACT ALLEGATIONS

**I.**    **Defendants' Wage and Hour Violations.**

39.    At all times relevant hereto, Defendants have committed acts and/or omissions intentionally and willfully, with knowledge that they have been violating federal and state laws and that Plaintiff has been and continues to be economically injured.

40.    Defendants have maintained a policy and practice to not pay Plaintiff and other similarly situated employees in accordance with federal and New York State law.

41.     Defendants maintain a workforce of workers, all of whom are paid in violation of federal and New York State laws.

42.     Wang Defendants have maintained a policy and practice of failing to pay the applicable minimum wage required by federal and New York State law for each hour Plaintiff and other similarly situated employees worked.

43.     All Defendants have maintained a policy and practice of failing to pay proper overtime compensation and regulations to Plaintiff and other similarly situated employees who worked in excess of forty (40) hours per week.

44.     Bubble Defendants have maintained and policy and practice of unlawfully deducting wages from Plaintiff and other similarly situated employees' wages.

45.     All Defendants have maintained a policy and practice of failing to provide Plaintiff and other similarly situated employees with proper wage notices and wage statements.

**A. Plaintiff's Schedule and Pay When Working For Wang Defendants.**

46.     Plaintiff worked for Wang Defendants in the Laundromat as a cashier and laundromat worker from on and about February 16, 2014 through December 8, 2014.

47.     Plaintiff's schedule fluctuated weekly.

48.     Plaintiff, however, always worked Monday, Tuesday, Thursday, Friday, Saturday, and Sunday.

49.     The Laundromat was open from 7:00 a.m. until 11:30 p.m. or later and had a morning and night shift.

50.     Plaintiff alternated each week between the morning shift, which lasted from 7:00 a.m. until 3:30 p.m., and the night shift from 3:30 p.m. until 10:30 p.m. or 11:30 p.m.

51.     On Thursday, Plaintiff worked from 7:00 a.m. until the close of the Laundromat.

52.     In addition, in those weeks when Plaintiff worked the morning shift, she regularly worked until 5:30 p.m. on Friday, Saturday, and Sunday.

53.     Plaintiff was not permitted to take breaks lasting 20 minutes or more.

54.     For this work, Wang Defendants paid Plaintiff a set rate of $430 a week and did not pay her an overtime premium of 150% of her regular rate her hours in excess of 40.

**B.      Plaintiff's Schedule and Pay When Working For Bubble Defendants.**

55.     After Bubble Defendants purchased the Laundromat, Plaintiff worked for Bubble Defendants from December 9, 2014 through July 28, 2015 in the Laundromat as a cashier and laundromat worker and in Bubble Defendants' corporate offices as an office worker.

56.     Plaintiff's schedule for her work at the Laundromat continued to fluctuate weekly after the Laundromat was purchased by Bubble Defendants.

57.     Plaintiff, however, always worked Tuesday through Sunday at the Laundromat until approximately June 20, 2015, when she started working Saturday and Sunday at Bubble Defendants' Manhattan corporate headquarters at 1492 Fifth Avenue.

58.     The Laundromat's hours of operation were extended to 12:00 a.m. after its purchase by Bubble Defendants.

59.     Plaintiff alternated daily between three shifts: the morning shift, which lasted from 7:00 a.m. until 4:00 p.m., the afternoon shift, which lasted from 11:00 a.m. until 8:00 p.m. and the night shift that lasted from 3:00 p.m. until 12:00 a.m.

60.     Plaintiff was also not permitted to take breaks lasting 20 minutes or more.

61.     For this work, Bubble Defendants paid Plaintiff $8.50 an hour.

8

62.     Beginning on and about June 21, 2015, on Saturday and Sunday, Plaintiff worked as an office worker in Bubble Defendants' corporate office.

63.     Plaintiff worked 12:00 p.m. through 10:00 p.m. on both days.

64.     Plaintiff was also not permitted to take breaks lasting 20 minutes or more.

65.     For this work, Bubble Defendants paid Plaintiff $11.00 an hour until the beginning of July 2015 and then $10.00 an hour for the rest of her employment.

66.     Bubble Defendants did not pay Plaintiff an overtime premium of 150% of her regular rate for her hours worked in excess of 40.

### B. <u>Wage Violations Affecting Plaintiff.</u>

#### 1.  Minimum Wage Violations.

67.     Wang Defendants failed to pay Plaintiff the minimum wage required under federal and New York State law for each hour she worked.

#### 2.  Overtime Pay Violations

68.     All Defendants failed to pay Plaintiff for her extensive overtime hours at time-and-a-half of her regular rate of pay.

#### 3.  Notice and Recordkeeping Violations

69.     All Defendants failed to provide Plaintiff with a wage notice or wage statements in compliance with NYLL § 195.

70.     All Defendants did not provide Plaintiff with a notice specifying her rate of pay, the basis of pay, allowances (if any) claimed against the minimum wage (e.g., tips, meals, lodging, etc.), or the identification of the regular pay day.

71.     All Defendants also did not provide Plaintiff with an accurate paystub specifying the pay period, her hourly rate of pay, the regular and overtime hours he worked, or any other information required under NYLL § 195.

72.     All Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL and supporting regulations.

### 4.  Bubble Defendants' Unlawful Deductions from Plaintiff's Pay

73.     Bubble Defendants also unlawfully deducted from Plaintiff's pay.

74.     For example, on one occasion, a customer misplaced her bag at the Laundromat and Bubble Defendants deducted $33 from Plaintiff's pay to replace it.

75.     On another occasion, Bubble Defendants deducted $25 from Plaintiff's pay because another employee failed to properly make a credit card transaction.

76.     These and other deductions violated NYLL § 193, which prohibits unlawful deductions.

**II.     Collective Action Allegations.**

77.     All Defendants' violations of the FLSA and NYLL extend beyond the Plaintiff to all other similarly situated employees.

78.     Plaintiff seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated current and former cashiers and laundromat workers and other employees performing similar duties employed by Wang and Bubble Defendants pursuant to 29 U.S.C. § 216(b).

79.     Plaintiff's Consent to Sue form is attached as **Exhibit 2**.

80.     At all relevant times, Plaintiff and others who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Bubble and Wang Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay the statutorily required overtime compensation for hours worked in excess of forty (40) per workweek, and willfully failing to keep records required by the FLSA.  Plaintiff's claims stated herein are similar to those of other employees.

81.     Similarly situated former and current employees are readily identifiable and locatable through Bubble and Wang Defendants' records.  These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

### III.     Class Action Allegations Under Fed. R. Civ. P. 23(b)(3) for Violations of the NYLL.

82.     Plaintiff brings this action collectively on behalf of herself and other current and former cashiers and laundromat workers and other employees performing similar duties who did not receive compensation required by the NYLL in respect to their work for Wang or Bubble Defendants and who have worked for the Wang or Bubble Defendants on or after the date that is six (6) years before the filing of the instant Complaint.

83.     Upon information and belief, each class of persons consists of not less than 40 persons, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed.R.Civ.P.23(a)(1).

84.     There are questions of law and fact common to the class, which predominate over any questions affecting only individual members, specifically: whether employment of Plaintiff by Bubble and Wang Defendants is subject to jurisdiction and wage and overtime requirements of the NYLL.

85.     The claims of Plaintiff are typical of the claims of the above-described class in that all of the members of the class have been similarly affected by the acts and practices of Bubble and Wang Defendants.

86.     Plaintiff will fairly and adequately protect the interests of the members of the class, in that her interests are not adverse to the interests of other members of the class.

87.     A class action is superior to the other available methods for the fair and efficient adjudication of the controversy under the standards of Fed.R.Civ.P.23(b)(3).

88.     Plaintiff brings the fourth, fifth, and seventh claims for relief herein on behalf of herself and all other persons similarly situated as a class action pursuant to Fed.R.Civ.P. 23, in respect to all claims that Plaintiff and all persons similarly situated have against Bubble Defendants as a result of Bubble Defendants' violations of NYLL.

89.     Plaintiff brings the third, fourth, fifth, and sixth claims for relief herein on behalf of herself and all other persons similarly situated as a class action pursuant to Fed.R.Civ.P. 23, in respect to all claims that Plaintiff and all persons similarly situated have against Wang Defendants as a result of Wang Defendants' violations of NYLL.

## FIRST CLAIM FOR RELIEF
### (Minimum Wage Violations under the FLSA against Wang Defendants)

90.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

91.     Wang Defendants have knowingly and willfully engaged in a policy, pattern or practice of violating the FLSA, as detailed in this Complaint.

92.     Throughout the statute of limitations period covered by these claims, Wang Defendants failed to pay Plaintiff and others similarly situated the federal minimum wage for each hour worked, in violation of 29 U.S.C. §§ 206(a) and 255(a).

93.     Plaintiff seeks damages in the amount of her respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### SECOND  CLAIM FOR RELIEF
### (Overtime Wage Violations under the FLSA against all Defendants)

94.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

95.     Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

96.     At all relevant times hereto, Defendants have had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of knowingly and willfully failing and refusing to pay Plaintiff and others similarly situated at one and a half times their regular rate of pay for all hours of work in excess of forty (40) hours per workweek, and willfully failing to keep required records, in violation of the FLSA.

97.     Plaintiff seeks damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
### (Minimum Wage Violations under NYLL against Wang Defendants)

98.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

99.     Wang Defendants knowingly and willfully paid the Plaintiff and others similarly situated less than the minimum wage in violation of NYLL § 652 and the supporting regulations of the New York State Department of Labor.

100.     Wang Defendants' failure to pay the Plaintiff and others similarly situated minimum wage has been willful within the meaning of the NYLL § 663.

101.     As a direct and proximate result of Wang Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and others similarly situated have sustained damages and seek recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
### (Overtime Wage Violations under NYLL against all Defendants)

102.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

103.     New York law prohibits an employer from permitting an employee to work without paying overtime wages of 150% of his or her regular rate for all hours worked in excess of forty (40) in any workweek.

104.     Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly failed to pay Plaintiff and others similarly situated at the required overtime rates, one and a half times their regular rate of pay, for hours worked in excess of forty (40) per workweek.

105.     As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and others similarly situated have sustained damages and seek recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs,

liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### FIFTH CLAIM FOR RELIEF
### (NYLL Failure to Notify against all Defendants)

106.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

107.    Pursuant to §195(1) of the NYLL, within ten business days of Plaintiff and other similarly situated employees' hiring, Defendants were obligated to provide them with a notice describing, *inter alia*, their hourly regular and overtime rates of pay.

108.    Pursuant to §195(3) of the NYLL, Defendants are obligated to provide Plaintiff and other similarly situated employees with a wage statement, along with their pay, that specified their rate of pay, their hours worked, and the pay period.

109.    Defendants failed to provide Plaintiff and other similarly situated employees with a notice or accurate paystub in accordance with §195 of the NYLL.

110.    As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and other similarly situated employees have sustained damages and seek damages in accordance with §195 of the NYLL for each week Defendants failed to provide such notice and paystubs, along with attorneys' fees, costs and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### SIXTH CLAIM FOR RELIEF
### (NYLL Spread-of-Hours against Wang Defendants)

111.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

112. Pursuant to 12 NYCRR 142-2.4, Wang Defendants had an obligation to compensate Plaintiff for one hour's pay at the minimum wage for each hour she worked in excess of 10 hours in a given day.

113. Although Plaintiff and other similarly situated employees worked more than 10 hours each day, Wang Defendants failed to compensate Plaintiff and other similarly situated employees for one hour's pay at the minimum wage.

114. As a direct and proximate result of Wang Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and other similarly situated employees have sustained damage and seeks recovery for unpaid spread-of-hours payments in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## SEVENTH CLAIM FOR RELIEF
### (NYLL Unlawful Deductions Against Bubble Defendants)

115. Plaintiff repeats and realleges the previous paragraphs as if fully set forth herein.

116. Pursuant to NYLL §193, it was unlawful for Bubble Defendants to deduct from Plaintiff and other similarly situated employees' wages unless the deductions were for their benefit and was authorized in writing by Plaintiff and other similarly situated employees.

117. Bubble Defendants routinely deducted from Plaintiff and other similarly situated employees' wages in contravention of NYLL §193.

118. As a direct and proximate result of Bubble Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and other similarly situated employees have sustained damage and seek recovery for unlawful deductions in an amount to be determined at trial, attorneys' fees,

costs, liquidated damages and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment awarding:

A. Compensatory Damages in an amount to be determined at trial;

B. Prejudgment Interest;

C. Liquidated Damages pursuant to the FLSA and NYLL;

D. Plaintiff's costs and reasonable attorneys' fees; and

E. Any relief the Court deems just and proper.

Dated: September 9, 2015
   New York, New York

           Respectfully submitted,

           Alan Serrins
           Michael Taubenfeld
           SERRINS FISHER LLP
           233 Broadway, Suite 2340
           New York, New York 10279
           Phone: (212) 571-0700
           Facsimile: (212) 233-3801
           *ATTORNEYS FOR PLAINTIFF*

Exhibit 1

## DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW

TO:   OFFBROADWAY LAUNDROMAT INC.

PLEASE TAKE NOTICE that LUCIA LOPEZ CATZIN and other similarly situated employees, as employees of the above corporation who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants, and/or employees of the above corporation for services performed by them for the above corporation within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporation, and who have expressly authorized the undersigned, as their attorney, to make this demand on his behalf,

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and record of shareholders of the above corporation and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: New York, New York
       September 9, 2015

SERRINS FISHER LLP

_____/s/_____
Michael Taubenfeld
233 Broadway, Suite 2340
New York, New York 10279
Phone: (212) 571-0700
Facsimile: (212) 233-3801
*ATTORNEYS FOR PLAINTIFF*

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY
FOR SERVICES RENDERED**

TO:   IGOR BIRZH

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business
Corporation Law of New York and Section 609 of the Limited Liability Company Law of
New York, you are hereby notified LUCIA LOPEZ CATZIN, on behalf of herself and on
behalf of all others similarly situated, intends to charge you and hold you personally liable
as one of the ten largest shareholders of and/or one of the ten members with the largest
percentage ownership interest in OFFBROADWAY LAUNDROMAT INC. and 2167 3RD
AVE LAUNDROMAT LLC, for all debts, wages, and/or salaries due and owing to them as
laborers, servants and/or employees of the said corporation for services performed by them
for the said corporation within the six (6) years preceding the date of this notice and have
expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

   Dated: New York, New York
          September 9, 2015


                              SERRINS FISHER LLP

                              _____/s/_____
                              Michael Taubenfeld
                              233 Broadway, Suite 2340
                              New York, New York 10279
                              Phone: (212) 571-0700
                              Facsimile: (212) 233-3801
                              *ATTORNEYS FOR PLAINTIFF*

Exhibit 2

## CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT

I am an individual who was employed by THANK YOU & GOOD LUCK CORP. and OFFBROADWAY LAUNDROMAT INC. and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by me in this case.


Lucia Lopez Catzin
NAME

Lucia Lopez Catzo
SIGNATURE

09-03-15
DATE