UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUCIA LOPEZ CATZIN, SILVIA VILLANO CLEMENTE, and YADIRA AGUILAR-CANO, individually and on behalf of others similarly situated, | Case No.: 15-CV-7109 (KBF) |
| Plaintiffs, | |
| -against- | |
| THANK YOU & GOOD LUCK CORP., ZENG LAN WANG, OFF-BROADWAY LAUNDROMAT INC., 2167 3RD AVE LAUNDROMAT LLC, EXCLUSIVE MANAGEMENT SOLUTION GROUP, INC., 115TH STREET AND FIRST AVE LAUNDROMAT INC., IGOR BIRZH, and DIMITRI BEREZOVSKY, | |
| Defendants. | |

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT

Respectfully submitted,

Michael Taubenfeld, Esq.
Fisher Taubenfeld LLP
*Attorneys for Plaintiffs*
225 Broadway, Suite 1700
New York, New York 10007
(212) 571-0700

## **Table of Contents**

Table of Contents ............................................................................................ i

Table of Authorities ....................................................................................... iii

Preliminary Statement .................................................................................... 1

Statement of Facts .......................................................................................... 3

       1)  Background ........................................................................... 3

       2)  Defendant EMSG and Defendant Berezovsky's Control ....................... 3

       3)  Interrelationship Between Defendant EMSG and the Other
          Corporations ............................................................................ 5

       4)  Defendant EMSG's Employees and Pay Practices ............................. 8

Argument ....................................................................................................... 10

      THE COURT SHOULD GRANT PARTIAL SUMMARY
      JUDGMENT ........................................................................... 10

       1)  The Court Should Grant Summary Judgment on EMSG Defendants
          and Bubble Defendants' Eleventh Affirmative Defense. ...................... 11

       2)  The Court Should Hold that Defendant Berezovsky Was Plaintiffs'
          Employer and Therefore Individually Liable ................................... 12

       3)  The Court Should Hold That Bubble Defendants and Defendant
          EMSG Are a Single Enterprise .................................................... 14

       4)  The Court Should Grant Summary Judgment on Plaintiff's NYLL §§
          195(1) and 195(3) Claims ......................................................... 17

Conclusion .................................................................................................... 19

## **TABLE OF AUTHORITIES**

**Cases**

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986) ........................................................... 10

Byrnie v. Town of Cromwell, Bd. of Educ., 243 F.3d 93 (2d Cir. 2001) ................................. 11

Barfield v. N.Y. City Health & Hosps. Corp., 537 F.3d 132 (2d Cir. 2008) ........................... 12

Celotex Corp. v. Catrett, 477 U.S. 317 (1986) ....................................................................... 10

Franco v. Jubilee First Avenue Corp., et al., No. 14-CV-07729 (SN), 2016 WL 4487788
(S.D.N.Y. Aug. 25, 2016) .................................................................................................. 10-14

Hernandez v. Jrpac Inc., No. 14 CIV 4176 (PAE), 2016 WL 3248493
(S.D.N.Y. June 9, 2016) .................................................................................................. 11,12,14

Irizarry v. Catsimatidis, 722 F.3d 99 (2d Cir. 2013) .............................................................. 13

Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132 (2d Cir. 1999) ............................................ 11,12

Reich v. S. New England Telecommunications Corp., 121 F.3d 58 (2d Cir. 1997) ................ 11

Griffin v. Astro Moving & Storage Co. Inc., No. 11-CV-1844 MKB, 2015 WL 1476415
(E.D.N.Y. Mar. 31, 2015) .................................................................................................... 12

Apolinar v. R.J. 49 Rest., LLC, No. 15-CV-8655 (KBF), 2016 WL 2903278 (S.D.N.Y. May 18,
2016) ...................................................................................................................................... 14

Juarez v. 449 Rest., Inc., 29 F. Supp. 3d 363 (S.D.N.Y. 2014) ........................................... 15,16

Liang Huo v. Go Sushi Go 9th Ave., No. 13 CIV. 6573 KBF, 2014 WL 1413532 (S.D.N.Y. Apr.
10, 2014) .............................................................................................................................. 17,18

Armata v. Unique Cleaning Servs., LLC, No. 13CV3625DLIRER, 2015 WL 12645527
(E.D.N.Y. Aug. 27, 2015) .................................................................................................... 17

Yap v. Mooncake Foods, Inc., 146 F. Supp. 3d 552 (S.D.N.Y. 2015) .................................. 16

**Statutes**

N.Y. Lab Law § 195 ........................................................................................................ 1-3,17-19

29 U.S.C. § 260 ..................................................................................................................... 11

**<u>Rules</u>**

<u>Federal Rules of Civil Procedure (FRCP)</u>

FED. R. CIV. P. 56.......................................................................................................................... 1,10

## PRELIMINARY STATEMENT

Pursuant to Fed.R.Civ.P.56, the Court should grant partial summary judgement in Plaintiffs' favor as follows:

1) In Plaintiffs' favor on EMSG and Bubble Defendants' Eleventh Affirmative Defense;

2) Defendant Berezovsky is an individual employer under the FLSA and NYLL;

3) Defendant EMSG and Bubble Defendants are a single employer and an integrated enterprise; and

4) In Plaintiffs' favor on Plaintiffs' Fifth Cause of Action alleging that Defendants failed to provide to Plaintiffs wage notices under NYLL §§195(1) and 195(3).

Defendants Exclusive Management Solution Group, Inc. ("EMSG"), Dimitri Berezovsky ("Berezovsky"), Igor Birzh ("Birzh") (collectively, "EMSG Defendants") and Off-Broadway Laundromat Inc. ("Off-Broadway"), 2167 3rd Ave Laundromat LLC ("2167"), and 115th Street and First Ave Laundromat Inc. ("First") ("Bubble Defendants") will be unable to meet their heavy burden of showing that they acted in subjective good faith in not paying Plaintiffs in accordance with the FLSA and NYLL.  Defendant Berezovsky did not speak to an attorney to determine Defendant EMSG's legal obligations.  Indeed, Defendant Berezovsky was aware of his legal obligations, but failed to comply with them.  Defendants will therefore have to pay liquidated damages under the FLSA.

Defendants Berezovsky was also Plaintiffs' employer under the FLSA and NYLL.  Defendant Berezovsky had operational control over Defendant EMSG, and controlled virtually every aspect of the corporation.  In addition, he had hiring and firing authority, set

rates of pay, assigned employees to specific work locations, and maintained records.  He is therefore individually liable under the FLSA.

Bubble Defendants and Defendant EMSG are also an integrated enterprise and all liable under the FLSA and NYLL.  First, there is significant overlap in ownership of the Bubble Defendants, and many of the owners are Defendant Berezovsky's family.  In addition, Defendants EMSG and Berezovsky controlled every aspect of the Bubble Defendants, whose owners are completely unaware of how the corporations are run.  Defendant EMSG also controlled the employees that it provided to Bubble Defendants.  It is therefore an integrated enterprise.

Finally, Defendants violated NYLL §§195(1) and 195(3) by not providing Plaintiffs with wage notices or paystubs.

[no more text on this page]

2

## STATEMENT OF FACTS

### (1) Background.

Plaintiffs Lucia Lopez Catzin, Silvia Villano Clemente, and Yadira Aguilar-Cano are laundromat workers employed by Defendant EMSG and its owner and operator Defendant Dimitri Berezovsky.   See, the Third Amended Complaint, attached as **Exhibit 1** to the Declaration of Michael Taubenfeld, Esq. ("Taubenfeld Decl.").   Plaintiffs have brought this action under the Fair Labor Standards Act ("FLSA") and various wage orders promulgated by the U.S. Department of Labor and the New York Labor Law Articles 6 and 19 and various wage orders promulgated by the New York State Department of Labor as codified in 12 N.Y.C.R.R. §§ 137-143 ("NYLL") for failure to pay minimum and overtime wages, along with claims for failure to pay spread-of-hours payments, failure to provide wage notices and wage statements under NYLL § 195, and unlawful deductions under NYLL § 193.   Plaintiffs' Fifth Cause of Action was asserted under NYLL § 195 for failure to provide wage notices and paystubs.  **Ex. 1**, ¶¶158-62.

### (2) Defendant EMSG and Defendant Berezovsky's Control.

Defendant EMSG was incorporated in 2011.  See, Deposition Transcript of Defendant Dimitri Berezovsky, attached as **Exhibit 2** to the Taubenfeld Decl. at pp. 27, 369. Defendant EMSG provides services to Off-Broadway Laundromat Inc. ("Off-Broadway"), 2167 3rd Ave Laundromat LLC ("2167"), and 115th Street and First Ave Laundromat Inc. ("First") ("Bubble Defendants").  **Ex. 2**, pp. 59, 90, 93-95.

Defendant EMSG is exclusively owned and operated by Defendant Berezovsky, who is the only shareholder and officer and has full decision-making authority for Defendant EMSG.  **Ex. 2** p. 27, 29.  Defendant Berezovsky signed the lease on behalf of Defendant EMSG,

has check signing authority from Defendant EMSG's bank account, and signed Defendant EMSG's tax returns.   Either Defendant Berezovsky or Defendant Birzh signed Defendant EMSG's insurance policies and the checks paying the monthly premiums.  **Ex. 2** p. 30-5, 340-43. Defendant Berezovsky also signed the services agreements with the various laundromats.  <u>See</u>, Management Services Agreements between Bubble Defendants and Defendant EMSG, attached as **Exhibit 3** to the <u>Taubenfeld Decl</u>.

Defendant Berezovsky hired the managers of EMSG, Hrant Hunanyon and Defendant Igor Birzh.  **Ex. 2** pp. 37, 38.  Defendant Berzovsky also hires or approves the hiring of each employee.  **Ex. 2** pp. 146-48.  Further, Defendant Berzovsky fires employees, including Plaintiff Aguilar-Cano.   **Ex. 2**, pp. 392-93.   Defendant Berezovsky also determines the employees' rates of pay, as well as the bonuses they receive, provides employees with their wages, and creates records along with other management individuals regarding the employees' pay. **Ex. 2**, pp. 176, 179-81, 192, 256-7, 263.  Further, Defendant Berezovsky assigned Plaintiff Lopez Catzin to work in Defendant EMSG's corporate office.  **Ex. 2**, p. 398.

Defendant Berezovsky never spoke to an attorney about his wage obligations because he allegedly knew the law years ago before he owned Defendant EMSG.  **Ex. 2**, pp. 196-7.  Defendants EMSG, Berezovsky, and Birzh along with Bubble Defendants, all filed as their Eleventh Affirmative Defense that "A reasonable good faith dispute existed, and continues to exist, regarding Plaintiffs' claim for entitlement of additional compensation or violation of any provisions of state law, barring liquidated damages under state law." <u>See</u>, Answers filed by Defendant EMSG, Berezovsky and Birzh, and Bubble Defendants, attached as **Exhibit 4** to the <u>Taubenfeld Decl.</u>

### (3) Interrelationship Between Defendant EMSG and the Other Corporations.

Defendant Off-Broadway is exclusively owned by Aaron Livney, who is Defendant Berezovsky's step-father. Livney Decl., attached as **Exhibit 5** to the Taubenfeld Decl. at ¶1. Defendant Birzh is identified by the New York State Department of State as the Chief Executive Officer. Print-Out From NYS Secretary of State Website, attached as **Exhibit 6** to the Taubenfeld Decl. Defendants 2167 and First are owned by, among other people, Inna Berezovskaya, and the trusts of Oleg Klempner and Boris Kerzhner. 2167 Operating Agreement, attached as **Exhibit 7** to the Taubenfeld Decl. Ms. Berezovskaya is Defendant Berezovsky's mother and the President of Defendants 2167 and First. Dep. Tr. of Inna Berezovskaya, attached as **Exhibit 8** to the Taubenfeld Decl., pp. 24, 31-2.

Defendant Off-Broadway owns a laundromat located at 224 West 104th Street in Manhattan. **Ex. 2**, p. 330. Defendant First owns a laundromat located at 2234 First Avenue in Manhattan. **Ex. 2**, pp. 383-4. Defendant 2167 owns a laundromat located at 2167 Third Avenue in Manhattan. **Ex. 2**, pp. 92. Bubble Defendants all entered into an agreement with Defendant EMSG to provide management services. **Ex. 3**. These laundromats are part of the Miss Bubble enterprise, which includes a total of 16 laundromats, and share a website. Print-Out from Defendants' website attached as **Exhibit 9** to the Taubenfeld Decl.

Defendant EMSG provides management services to 16 corporate entities that each own a laundromat located in Manhattan. **Ex. 2** pp. 29, 46. Defendant EMSG's management services involve all aspects of running the business. This includes administrative, management, and marketing services, obtaining legal and accounting services, and public relations services. **Ex. 3**. Defendant EMSG also provides workers to the laundromats to perform services, including washing and drying clothing and assigned employees to work in various

locations.  **Ex. 2**, pp. 61-2, 143.   Defendant EMSG also opens the bank accounts for the laundromats and Defendants Berezovsky or Birzh's names are on the account.  **Ex. 2**, pp. 107-8.

Bubble Defendants' owners are completely uninvolved in the operation of the laundromats and are ignorant about its basic operations.   Mr. Klempner, whose trust is an owner of Defendants First and 2167, has only one time visited the laundromat owned by Defendant First and was not even sure of the address.  Dep. Tr. of Oleg Klempner, attached as **Exhibit 10** to the Taubenfeld Decl. p. 24.  Further, although his trust owns a portion of Defendant 2167, he did not know the name of the corporation in which he possesses an ownership interest.  **Ex. 10**, pp. 31-2.  Also, although the Klempner Trust invested money in the laundromat owned by First, Mr. Klempner was unsure how much he invested, only that it was less than $100,000.  **Ex. 10**, pp. 29, 30.   Mr. Klempner did not know if First had a lease, a bank account, pays utilities, has internet or employed the services of an accountant.  **Ex. 10**, pp. 37-8.   Nor is Mr. Klempner aware if the amount of revenue reflected on First's tax return was accurate.   **Ex. 10**, p. 36.  Mr. Klempner has never received any money from Defendant First.  **Ex. 10**, p. 34.

Ms. Berezovskaya, who is an owner of Defendants First and 2167, cannot identify the laundromats that she owns, only that she gave approximately $100,000 to Defendant Berezovsky to open Defendants 2167 and First, who then promised to manage the laundromats that she owns.  **Ex. 8**, p. 17, 21.  She does not know the percentage of ownership she has in Defendants 2167 and First.  **Ex. 8**, p. 22-3.  Ms. Berezovskaya signed documents to help Defendants 2167 and First obtain a loan, but she does not know if these Defendants paid back their loans.  **Ex. 8**, p. 25, 27, 28.  Ms. Berezovskaya has never gone inside either of the laundromats, **Ex. 8**, p. 30-1, and is unaware if Defendants 2167 and First have a bank account, credit cards, or an insurance policy.  **Ex. 8**, pp. 36, 40.  Ms. Berezovskaya is further unaware

how much revenue Defendants 2167 and First earn or if these Defendants employ any individuals.  **Ex. 8**, pp. 38-40.  Ms. Berezovskaya had one annual conversation with Defendant Berezovsky about the operation of these laundromats.  **Ex. 8**, pp. 47-8.  Ms. Berezovskaya is also unsure whether she is the President of Defendant First even though she signed documents reflecting that she is the President.  **Ex. 8**, pp. 61-2.  Ms. Berezovskaya has never received any money from Defendants First or 2167.  **Ex. 8**, pp. 46.

Mr. Kerhzner, whose trust is an owner of Defendants 2167 and First, also had little knowledge of how these corporations operated.  According to Mr. Kerhzner, Defendant EMSG runs the 2167 laundromat.  Dep. Tr. of Boris Kerhzner, attached as **Exhibit 11** to the Taubenfeld Decl., pp. 25-6.  Mr. Kerhzner does not know anything about Defendant 2167's bank account or whether it has corporate credit cards.   **Ex. 11**, pp. 27-9.  Mr. Kerhzner is not aware if Defendant 2167 has an insurance policy, has a bank account, pays utilities, or hired an accountant or attorney.  Further, he does not know what much annual revenue it has earned or if it employs individuals.  **Ex. 11**, pp. 28-35.  Mr. Kerhzner has not visited the 2167 laundromat since it opened in 2013.  **Ex. 11**, p. 37.  Defendant Berezovsky advised Mr. Kehzner prior to the opening of the 2167 laundromat that Defendant EMSG would run everything in the laundromat so that he has "no headache at all."  **Ex. 11**, pp. 42-3.  Mr. Kerhzner has never received any money from Defendant 2167.  **Ex. 11**, p. 67.  Mr. Kerhzner, along with the other owners, provided $300,000 to Defendant Berezovsky for Defendant 2167 but never received a receipt. **Ex. 11**, pp. 76-8.

Mr. Livney, the sole owner of Defendant Off-Broadway, is not sure he is the owner and is not sure if he is the President.  Dep. Tr. of Aaron Livney, attached as **Exhibit 12** to the Taubenfeld Decl., pp. 14,15,25.  Mr. Livney does not know if Defendant 2167 has a bank

account, insurance policy, or credit cards or rents space.  **Ex. 12**, pp. 19, 22.  Mr. Livney invested between $50,000 and $100,000 in Defendant Off-Broadway by providing the money to Defendant Berezovsky.  **Ex. 12**, p. 21.  Mr. Livney has also never made any decisions on behalf of Defendant Off-Broadway and is not even sure if the laundromat is still open.  **Ex. 12**, p. 23.  Mr. Livney is unaware if Defendant Off-Broadway has earned any money in the last few years and never received any documents from Defendant Berezovsky.  **Ex. 12**, pp. 24-5.  Mr. Livney has never reviewed a tax return on behalf of Defendant Off-Broadway.  **Ex. 12**, p. 25.  From Mr. Livney's "point of view Mr. Berezovsky manages all operations of the company OffBroadway." **Ex. 12**, p. 27.  Mr. Livney signed documents that assisted Defendant Off-Broadway in obtaining a loan, but he is not aware if the loan has been repaid.  **Ex. 12**, p. 40. Mr. Livney is not aware how individuals working at Defendant Off-Broadway's laundromat are paid. **Ex. 12**, p. 31.  Even though Off-Broadway was incorporated in 1998, Mr. Livney has never received any money from the company.  **Ex. 12**, p. 28; **Ex. 6**.

The owners of the Bubble Defendants all identified Defendant EMSG with Defendant Berezovsky.  **Ex. 10**, p. 32, **Ex. 12**, p. 33, **Ex. 11**, p. 49, **Ex. 8**, pp. 17-18.  However, each of these entities pays the employees that work at the laundromat it owns.  **Ex. 2**, pp. 345-7.

### (4) Defendant EMSG's Employees and Pay Practices.

Plaintiffs Lopez Catzin and Villano Clemente worked at the 2167 3rd Avenue and 2234 First Avenue location, which are owned by Defendants 2167 and First, respectively.  Dep. Tr. of Silvia Villano Clemente, attached as **Exhibit 13** to the Taubenfeld Decl., pp. 41, 51-52, Dep. Tr. of Lucia Lopez Catzin, attached as **Exhibit 14** to the Taubenfeld Decl., pp. 24, 26. Plaintiff Aguilar-Cano worked exclusively at the location owned by Defendant Off-Broadway. Dep. Tr. of Yadira Aguilar Cano, attached as **Exhibit 15** to the Taubenfeld Decl., p. 12.

Defendant EMSG paid these employees, including Plaintiffs, an hourly rate, which was set by Defendant Berezovsky.  **Ex. 2**, pp. 176-77.  Defendant EMSG, however, did not provide to their employees at the time of hiring any written documents advising them of their rate of pay.  **Ex. 2**, p. 152.  Defendant EMSG also paid Plaintiffs an hourly rate for each hour they worked in cash, which for Plaintiffs Lopez Catzin and Villano Clemente was below the minimum wage, and did not pay any Plaintiff time-and-a-half for their overtime hours.    **Ex. 14**, pp. 26-7, 29-30; **Ex. 13**, pp. 65, 79, 133, **Ex. 15**, p. 52.  <u>Lopez Catzin Decl.</u> attached as **Exhibit 16** to the <u>Taubenfeld Decl.</u> at ¶4.  Defendants did not provide Plaintiffs with a paystub.  **Ex. 16** at ¶6, <u>Villano Clemente Decl.</u> attached as **Exhibit 17** to the <u>Taubenfeld Decl.</u> at ¶8, <u>Aguilar Cano Decl.</u> attached as **Exhibit 18** to the <u>Taubenfeld Decl.</u> at ¶7.

<u>[no more text on this page]</u>

## **ARGUMENT**

## **THE COURT SHOULD GRANT PARTIAL SUMMARY JUDGMENT**

Plaintiffs now move to certify under FED. R. CIV. P. 56 for summary judgment on the following issues:

5) In Plaintiffs' favor on EMSG and Bubble Defendants' Eleventh Affirmative Defense;

6) Defendant Berezovsky is an individual employer under the FLSA and NYLL;

7) Defendant EMSG and Bubble Defendants are a single employer and an integrated enterprise; and

8) In Plaintiffs' favor on Plaintiffs' Fifth Cause of Action alleging that Defendants failed to provide to Plaintiffs wage notices under NYLL §§195(1) and 195(3).

The court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). "The substantive law governing the case will identify those facts that are material and only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Franco v. Jubilee First Avenue Corp., et al., No. 14-CV-07729 (SN), 2016 WL 4487788, at *3 (S.D.N.Y. Aug. 25, 2016) (Netburn, M.J.) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986)). "Even where facts are disputed, in order to defeat summary judgment, the nonmoving party must offer enough evidence to enable a reasonable jury to return a verdict in its favor."

Franco, 2016 WL 4487788, at *3 (quoting Byrnie v. Town of Cromwell, Bd. of Educ., 243 F.3d 93, 101 (2d Cir. 2001)).

### (1) The Court Should Grant Summary Judgment on EMSG Defendants and Bubble Defendants' Eleventh Affirmative Defense.

The Court should grant summary judgment on Bubble Defendants and EMSG Defendants' Eleventh Affirmative Defense.   Under the FLSA, Plaintiffs are entitled to 100% of their minimum wage and overtime damages as liquidated damages. Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 142 (2d Cir. 1999) holding modified by Zheng v. Liberty Apparel Co. Inc., 355 F.3d 61 (2d Cir. 2003).  "Liquidated damages under the FLSA are considered compensatory rather than punitive in nature." Reich v. S. New England Telecommunications Corp., 121 F.3d 58, 71 (2d Cir. 1997).  An employer can avoid paying liquidated damages if it "shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not in violation of the [Act]." Id. at 70-1 (quoting 29 U.S.C. § 260).  However, Defendants face a heavy burden in establishing that liquidated damages should not be awarded and "[d]ouble damages are the norm, single damages the exception." Id. at 71.  The NYLL applies the same standard.  Hernandez v. Jrpac Inc., No. 14 CIV. 4176 (PAE), 2016 WL 3248493, at *34 (S.D.N.Y. June 9, 2016) (Engelmayer, J.).

While Plaintiffs are not moving for summary judgment on their minimum wage and overtime claims, if a jury issues a verdict in Plaintiffs' favor, the Court should award liquidated damages because EMSG Defendants and Bubble Defendants did not act in "subjective good faith and objective reasonableness." Hernandez, 2016 WL 3248493, at *33.  Defendant Berezovsky admitted that he never spoke to an attorney regarding Defendant EMSG's

obligations.  **Ex. 2**, pp. 196-7. Further, Defendant Berezovsky claims that he was aware of Defendant EMSG's minimum wage and overtime obligations even before starting Defendant EMSG. **Ex. 2**, pp. 196-7.  As such, if the jury believes Plaintiffs, EMSG Defendants will have intentionally violated the FLSA and NYLL, which is plainly not in good faith.  Hernandez, 2016 WL 3248493 (no good faith because defendant failed to ascertain its obligations under the law); Griffin v. Astro Moving & Storage Co. Inc., No. 11-CV-1844 MKB, 2015 WL 1476415, at *4 (E.D.N.Y. Mar. 31, 2015) (finding no good faith when violation was intentional).  Accordingly, the Court should grant partial summary judgment on EMSG Defendants and Bubble Defendants' Eleventh Affirmative Defense.

### (2) The Court Should Hold that Defendant Berezovsky Was Plaintiffs' Employer and Therefore Individually Liable.

The Court should find that Defendant Berezovsky was Plaintiffs' employer under the FLSA and NYLL and therefore liable for any violations.  The FLSA broadly defines "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). "The Supreme Court has emphasized the expansiveness of the FLSA's definition of employer."  Herman, 172 F.3d at 139 (internal quotations omitted).  "The Court of Appeals treats the term employer for FLSA purposes as a "flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances."  Franco, 2016 WL 4487788, at *3 (quoting Barfield v. N.Y. City Health & Hosps. Corp., 537 F.3d 132, 141 (2d Cir. 2008)).

In determining whether an individual is an employer, courts apply the economic reality test and "assess the following non-exclusive factors: whether the alleged employer "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4)

maintained employment records." <u>Franco</u>, 2016 WL 4487788, at *5.  Further, courts look at whether the individual in question exercised "operational control over employees." <u>Irizarry v. Catsimatidis</u>, 722 F.3d 99, 110 (2d Cir. 2013).  In making that determination courts ascertain whether the individual's decisions "directly affect that nature or conditions of the employees' employment."  <u>Id.</u>  "Evidence indicating an individual's authority over management, supervision, and oversight of a company's affairs in general is relevant to the totality of circumstances in determining the individual's operational control of the company's employment of the plaintiff employees." <u>Franco</u>, 2016 WL 4487788, at *3 (quoting <u>Irizarry</u>, 722 F.3d at 110).  Further, Courts emphasize the most "the hiring of managerial employees, and overall financial control of the company." <u>Irizarry</u>, 722 F.3d at 116.  The standard under the NYLL is the same. <u>Franco</u>, 2016 WL 4487788, at *5.

Here, there is little doubt that Defendant Berezovsky had sufficient control over the Plaintiffs' work to render him an employer under the FLSA and NYLL.  Defendant Berezovsky basically ran Defendant EMSG and the owners of the Bubble Defendants essentially identified him with Defendant EMSG.  **Ex. 10**, p. 32, **Ex. 12**, p. 33, **Ex. 11**, p. 49, **Ex. 8**, pp. 17-18. Further, Defendant Berezovsky exercised predominant financial control over Defendant EMSG.  He is the sole owner and officer of Defendant EMSG and has complete decisionmaking authority over the entity.  **Ex. 2** p. 27, 29.  He has control over Defendant EMSG's bank account, has a corporate credit card, had authority to sign the insurance policy, and signed Defendant EMSG's tax returns.  **Ex. 2** p. 30-5, 340-43.  Further, Defendant Berezovsky signed management agreements with the various laundromat that Defendant EMSG managed.   **Exhibit 3**. Accordingly, Defendant Berezovsky had significant control over Defendant EMSG.

Further, Defendant Berezovsky satisfied majority of the factors of the economic reality test.  As to the first factor, Defendant Berezovsky hired the managers of EMSG and either hired employees or approved their hiring.  **Ex. 2** p. 37, 38, 146-48.  Defendant Berzovsky also fired employees, including Plaintiff Aguilar-Cano.  **Ex. 2** pp. 392-93.  The third factor also strongly points in favor of individual liability. Defendant Berezovsky determines how employees are paid, namely by setting their rates of pay and determining their bonus on a weekly basis, and by paying employees their wages. **Ex. 2**, pp. 176, 179-81, 192, 256-7, 263. Defendant Berezovsky also satisfies the third factor because he transferred employees between locations. **Ex. 2**, p. 398.  Finally, he satisfies the fourth factor.  Defendant Berezovsky assists in creating records regarding the employees' pay.  **Ex. 2**, pp. 176, 179-81, 256-7, 263.  Defendant Berezovsky was therefore Plaintiffs' employer under the FLSA and NYLL.  Franco, 2016 WL 4487788, at *5 (individual liability because the individual defendant was an owner and operator, hired managerial employees, fired employees, and set rates of pay); Hernandez, 2016 WL 3248493, at *22 (finding individual liability because, *inter alia*, the individual defendants had the power to hire employees, "were involved in determining the rate and method of payment" for plaintiffs, maintained records and "were involved in paying plaintiffs their wages.").

### (3) The Court Should Hold That Bubble Defendants and Defendant EMSG Are a Single Enterprise.

Defendant EMSG and Defendants 2167, Off-Broadway, and First are a single integrated enterprise and all liable under the FLSA and NYLL.  Under that integrated enterprise test, "courts consider (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." Apolinar v. R.J. 49 Rest., LLC, No. 15-CV-8655 (KBF), 2016 WL 2903278, at *4 (S.D.N.Y. May 18, 2016)

(Forrest, J.).[1]   The mere fact that these "are distinct entities does not insulate them from liability . . . ."  Juarez v. 449 Rest., Inc., 29 F. Supp. 3d 363, 368 (S.D.N.Y. 2014) (Nathan, J.).  Here, the undisputed evidence clearly shows that Defendant EMSG and the Bubble Defendants are interrelated to such a degree that the Bubble Defendants essentially have no independent existence.  First, the Bubble Defendants are 3 of 16 laundromats within the Ms. Bubble entity and share a website.  **Ex. 9**.  Since these entities are all related, they all have a common purpose.

Further, there is clearly common ownership and financial control.  Defendants 2167 and First are owned by the same people, including Defendant Berezovsky's mother, and Ms. Berezovskaya is the President of Defendant 2167 and First.  **Ex. 7**, **Ex. 8**, pp. 24, 31-2.  Defendant Off-Broadway is solely owned by Defendant Berezovsky's stepfather and its CEO is Defendant Birzh, a manager at Defendant EMSG.  **Ex. 5** at ¶1, Ex. 6.  Bubble Defendants are entirely managed by Defendant EMSG, which provides all services, including employees, to these laundromats, and opens bank accounts for each entity, which Defendant EMSG controls.  Ex. 3, **Ex. 2**, pp. 61-2, 107, 108, 143.  Indeed, the owners of Bubble Defendants are not even aware if their corporation has a bank account.  **Ex. 10**, pp. 37-8, **Ex. 8**, pp. 36, 40, **Ex.  11**, pp. 27-9, **Ex. 12**, pp. 19, 22.

In addition, there is common management.  Defendant EMSG manages all 3 Bubble Defendants.  It manages every aspect of the laundromats, and provides virtually all services to the laundromats, including administrative, management, and marketing services, obtaining legal and accounting services, and public relations services.  **Ex. 3**. Indeed, these

---

[1] Courts apply the integrated enterprise test under the NYLL as well.  NYLL.  Armata v. Unique Cleaning Servs., LLC, No. 13CV3625DLIRER, 2015 WL 12645527, at *4 (E.D.N.Y. Aug. 27, 2015).

services are so extensive that Bubble Defendants' owners are ignorant of the basic operation of the laundromats, and are not aware of basic facts including what percentage of the corporation they own, whether the laundromats had employees or insurance policies, or paid utilities.  See, Rule 56.1 Statement, ¶¶29-58.  Indeed, Defendant EMSG's management is so total, that Bubble Defendants' owners do not even know how much revenue their laundromat earns.  None have received any payout from their investment, including Mr. Livney who has owned Off-Broadway for approximately 20 years.  Many owners have never even visited the laundromat or only visited it once before it opened.  These facts indicate that Bubble Defendants are completely controlled by Defendant EMSG and Defendant Berezovsky.

Finally, there is centralized control of labor relations.  Although it is Bubble Defendants and not Defendant EMSG that pay the employees that work at the laundromats, these employees are employed by Defendant EMSG, which is controlled by Defendant Berezovsky.  Bubble Defendants do not employ individuals and leave employee issues to Defendant Berezovsky.  Further indicative of Defendant EMSG's control over the individuals who work at Bubble Defendants' laundromats is that Defendant EMSG shifts employees between laundromats.  Plaintiffs Lopez Caztin and Villano Clemente both worked at multiple locations and were paid the same rate no matter where they worked.   Rule 56.1 Statement ¶¶26, 62, 66.

Courts have found integrated enterprises when the entities were far less related.  Juarez, 29 F. Supp. 3d at 368 (integrated enterprise because one individual owned and operated the various diners, the diners had the same décor and website, and employees at the various locations are paid via the same policies); Yap v. Mooncake Foods, Inc., 146 F. Supp. 3d 552, 558 (S.D.N.Y. 2015) (Ramos, J.) (integrated enterprise because, inter alia, "same core team of individual defendants" owned and managed the restaurants, employees interchanged between

16

restaurants and restaurants used same website).  Accordingly, the Court should find that the Defendant EMSG and Bubble Defendants are integrated enterprises and liable under the FLSA and NYLL.

### (4) The Court Should Grant Summary Judgment on Plaintiff's NYLL §§ 195(1) and 195(3) Claims.

The Court should grant summary judgment because Defendant EMSG violated the NYLL by failing to provide Plaintiffs a wage notice or paystubs.  Each New York State employer must:

> "provide his or her employees, in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary."

NYLL § 195(1).  See also Liang Huo v. Go Sushi Go 9th Ave., No. 13 CIV. 6573 KBF, 2014 WL 1413532, at *4 (S.D.N.Y. Apr. 10, 2014) (Forrest, J.).

At the time Plaintiffs began working for Defendants, an employee who did not receive a wage notice was entitled to recover "in a civil action damages of fifty dollars for each work week that the violations occurred or continue to occur, but not to exceed a total of two

thousand five hundred dollars, together with costs and reasonable attorney's fees."   NYLL **§** 198(1-b).[2]

Defendant EMSG admits that it did not provide wage notices to its employees. **Ex. 2**, p. 152.  Accordingly, Defendant EMSG violated NYLL **§** 195(1)

Defendant EMSG also violated NYLL **§** 195(3) by failing to provide wage statements to Plaintiffs when remitting compensation.  Under the NYLL, an employer must:

> furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages. For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked. For all employees paid a piece rate, the statement shall include the applicable piece rate or rates of pay and number of pieces completed at each piece rate.

NYLL **§** 195(3);  see also Liang, 2014 WL 1413532, at \*4.

At the time the Plaintiffs began working for Defendants, they were entitled to recover "one hundred dollars for each work week that the violations occurred or continue to occur, but not to exceed a total of twenty-five hundred dollars, together with costs and reasonable attorney's fees."  NYLL **§**198(1-d).[3]

Defendant EMSG never provided paystubs to Plaintiffs and admits that it failed to provide proper wage statements to many of its employees.  Villano Clemente Decl. at ¶8; Lopez Catzin Decl. at ¶6; Aguilar-Cano Decl. at ¶7. Accordingly, Defendant EMSG has violated NYLL

---

[2] On February 27, 2015, NYLL **§**198(1-b) was amended to increase the penalty to a maximum of $5,000.
[3] NYLL **§**198(1-d) was also amended on February 27, 2015 to increase the penalty.

§ 195(3) with regard to Plaintiffs.  Accordingly, the Court should grant summary judgment on this claim.

## **<u>CONCLUSION</u>**

Based on the foregoing, Plaintiff respectfully requests an order grating all relief requested here and affording all other relief the Court deems just and proper.

Dated: New York, New York
        November 8, 2016

                                        Respectfully submitted,

                                            /s/
                                        Michael Taubenfeld (MT-4640)
                                        Counsel for Plaintiffs