FISHER | TAUBENFELD LLP

225 Broadway, Suite 1700
New York, New York 10007
**Main** 212.571.0700
**Fax** 212.505.2001
www.fishertaubenfeld.com

Writer's direct dial: (212) 571-0700 ex. 102
Writer's email: michael@fishertaubenfeld.com

July 21, 2017

**VIA ECF**
Hon. Katherine Forrest
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

> Re*:* Lopez Catzin et al. v. Thank You & Good Luck Corp et al.
> Case No.: 15-cv-7109 (KBF)

Dear Judge Forrest:

      We represent Plaintiffs in this matter.  We write to oppose Defendants' motion in limine to preclude Plaintiff Aguilar-Cano from introducing at trial evidence of damages.  In sum, Defendants' failure to turn over Plaintiff Aguilar-Cano's time and pay records until after the close of discovery prevented her from preparing a damages calculation.

      1.   Background to This Motion.

      Plaintiffs Lucia Lopez Catzin filed this lawsuit in September 2015 asserting, among other things, minimum wage and overtime wage violations under the FLSA and NYLL.[1]  Shortly thereafter Plaintiff Silvia Villano Clemente joined this case and discovery began.  Plaintiffs served Rule 26 Disclosures on December 14, 2015 and then a revised version on March 2, 2016, both of which contained a calculation of damages for those Plaintiffs.  (**Exhibit 1** and Defendants' **Exhibit 1**).  Plaintiffs also served a Request for Documents to, among others, Defendant Exclusive Management Services Group, Inc. ("EMSG") that requested documents reflecting Plaintiffs' hours worked and pay.  Defendant EMSG responded to these requests on March 22, 2016 and provided various handwritten documents purportedly reflecting Plaintiffs' weekly hours and pay (**Exhibit 2** – sample of documents produced).  These documents showed that Plaintiffs worked extensive overtime hours, but also that they worked a different number of hours every week.

---

[1] Plaintiffs intend to pursue at trial only their NYLL claims since the NYLL provides all relief that the FLSA provides.

1

While discovery was ongoing, Plaintiffs moved for conditional certification of a collective action, which the Court granted after many rounds of briefing. Plaintiff Aguilar-Cano joined this action on April 18, 2016, and Plaintiffs amended the Complaint to include her as a named Plaintiff in early June 2016 (**Exhibit 3**). Like the other Plaintiffs, she asserted, *inter alia*, unpaid overtime wages claims under the FLSA and NYLL, and requested that the Court award liquidated damages, prejudgment interest, and attorneys' fees and costs (**Exhibit 3**, ¶ 146-149, 154-157 and WHEREFORE clause). The Court then set a discovery deadline for October 31, 2016 (Docket Entry 125).

The parties continued discovery and depositions of the parties and witnesses proceeded. While this was ongoing, Defendant EMSG agreed to produce time and pay records for Plaintiff Aguilar-Cano. The day before Plaintiff's Aguilar-Cano's deposition, Defendant EMSG produced 7 pages of records covering a very small period of time, along with a spreadsheet of damages that Defendant EMSG created for only one year of Plaintiff Aguilar-Cano's 5-year employment. (**Exhibit 4**) I advised Defendant EMSG's counsel that I would provide damages for Plaintiff Aguilar-Cano once I received her time and pay records. (**Exhibit 5**) Given that the other Plaintiffs' time and pay records reflected that their schedule varied each week, it made little sense to prepare damages calculations based on Plaintiff Aguilar-Cano's recollection when Defendants apparently had time and pay records showing her hours and pay.

Defendant ESMG neglected to produce these records before Plaintiff Aguilar-Cano's deposition. The parties then discussed the issue of Defendant EMSG's producing time and pay records for Plaintiff Aguilar-Cano in early October 2016. I again advised EMSG's counsel that I needed to these documents to prepare the calculations. (**Exhibit 6**) Defendant EMSG, however, did not produce these documents. I followed up yet again on November 3, 2016 to request these documents. (**Exhibit 7**) Defendant EMSG finally produced handwritten time and pay records for Defendant Aguilar-Cano for three years of her employment on November 21, 2016 – three weeks after the close of fact discovery and many months after I had requested these documents. (**Exhibit 8**)

Ultimately, the trial date in this case was adjourned to August 2, 2017. On June 9, 2017, Defendant EMSG produced a spreadsheet of damages for Plaintiff Aguilar-Cano, apparently based on the records produced on November 21, 2016. (**Exhibit 9**) This spreadsheet was helpful because Defendant EMSG's time and pay records are handwritten and difficult to read and given the dilatory nature of their production, Plaintiffs could no longer depose Defendant Berezovsky to determine their meaning. The spreadsheets, therefore, functioned as a summary of the time and pay records and made preparing damages calculations for Plaintiff Aguilar-Cano much easier to do.

The parties began preparing the pretrial documents in earnest the week of July 3, 2017 and agreed to stipulate that the hours and total pay in the spreadsheet Defendants produced on June 9, 2017 were accurate. The parties having stipulated to Plaintiff Aguilar-Cano's hours and total pay, on July 13, 2017, Plaintiffs produced Plaintiff Aguilar-Cano's damages calculations based on the spreadsheets. On July 14, 2017, Plaintiffs filed motions in limine on various issues, but did not move to preclude the time and pay records or spreadsheet for Plaintiff Aguilar-Cano that Defendant EMSG first produced after the close of discovery.

2. <u>The Court Should Deny Defendants' Motion to Preclude Plaintiff Aguilar-Cano to Introduce Evidence of Damages.</u>

Defendants' motion to preclude Plaintiff Aguilar-Cano from introducing evidence of damages should be denied. Although Rule 26 requires parties to provide damages calculations, under Rule 37, a party may excuse the late production of discovery if "the failure was substantially justified or is harmless." <u>Hernandez v. NJK Contractors, Inc.</u>, No. 09-CV-4812 RER, 2015 WL 1966355, at *28 (E.D.N.Y. May 1, 2015). "In determining whether the district court acted within its discretion under Rule 37, the Second Circuit considers: (1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the evidence; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new evidence; and (4) the possibility of a continuance. <u>Id.</u> (quoting <u>Patterson v. Balsamicao</u>, 440 F.3d 104, 117 (2d Cir.2006)).

The Court should decline to preclude Plaintiff Aguilar-Cano from providing evidence of damages. First, as explained above, given that the other Plaintiffs' time and pay records reflected that they worked varied hours each week, it made little sense to produce a damages calculation for Plaintiff Aguilar-Cano based on her recollection. Rather, the sensible thing to do was wait until after Defendants provided her time and pay records. Defendant EMSG repeatedly promised to do produce these records, but neglected to produce them until well after the close of discovery. Further, Defendant EMSG did not produce their own spreadsheet reflecting the hours worked until only a month before Plaintiff Aguilar-Cano provided her damages calculations. To the extent that Plaintiff Aguilar-Cano delayed in producing her damages calculations, that was in large part the result of Defendant EMSG's failure to timely produce her pay and time records.

Further, even if Plaintiff Aguilar-Cano had produced to Defendants during discovery damages calculations based on her own recollection, she would have had to revise them once Defendant EMSG produced her time records. But she could not have produced the revised calculations until after the close of discovery because Defendant EMSG failed to produce the time and pay records until then. In other words, the calculations at issue could not have been produced during discovery because of Defendant EMSG's dilatory behavior.

Regarding the second prong of the test, Plaintiff Aguilar-Cano's damages are obviously a fundamental part of the case. Regarding prejudice, Defendants neglect to assert any prejudice whatsoever. And for good reason: they failed to timely produce the documents Plaintiff Aguilar-Cano needed to prepare her damages calculations. Further, while Defendants argue that Plaintiff Aguilar-Cano failed to produce any evidence of damages, they appear to acknowledge that Plaintiff Aguilar-Cano's damages do not assert any new theories. In fact, Plaintiff Aguilar-Cano's damages calculations only assert unpaid overtime claims, which all Plaintiffs requested in the Third Amended Complaint. <u>Hernandez</u>, 2015 WL 1966355, at *29 (finding that prejudice was mitigated because the defendants were on notice of the plaintiffs' damages in the plaintiffs' complaint). And Plaintiff Aguilar-Cano testified as to her hours and pay at her deposition, which is evidence of her damages. Further, to the extent Defendants are prejudiced, that is their own

fault.  By failing to produce Plaintiff Aguilar-Cano's time and pay records until after the close of discovery, they gave up any discovery on those calculations.

   Finally, there is no need for a continuance.  Defendants proceeded with Plaintiff Aguilar-Cano's deposition even without these damages calculations, presumably because they realized that Defendant EMSG had been dilatory in producing the time and pay records.  Accordingly, the Court should deny Defendant EMSG's motion.

   Defendants devote majority of their letter to arguing their case and attacking Plaintiff Aguilar-Cano's credibility.  Plaintiff Aguilar-Cano's credibility is for the jury to determine and not the Court on a motion in limine.  <u>Raedle v. Credit Agricole Indosuez</u>, 670 F.3d 411, 418 (2d Cir. 2012) (noting that the jury's credibility determinations should rarely be disturbed).

   Thank you for your attention to the above.

            Respectfully Submitted,
            --------------------/s/------------------
            Michael Taubenfeld (MT-4640)

Encl.