UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUCIA LOPEZ CATZIN, SILVIA VILLANO CLEMENTE, and YADIRA AGUILAR-CANO, individually and on behalf of others similarly situated, | Case No.: 15-cv-7109(KBF) |
| Plaintiffs, | |
| -against- | **THIRD AMENDED COMPLAINT** |
| THANK YOU & GOOD LUCK CORP., ZENG LAN WANG, OFF-BROADWAY LAUNDROMAT INC., 2167 3RD AVE LAUNDROMAT LLC, EXCLUSIVE MANAGEMENT SOLUTION GROUP, INC., 115TH STREET AND FIRST AVE LAUNDROMAT INC., IGOR BIRZH, and DIMITRI BEREZOVSKY, | **Collective Action and Class Action Complaint** |
| Defendants. | |

Plaintiffs LUCIA LOPEZ CATZIN, SILVIA VILLANO CLEMENTE, and YADIRA AGUILAR-CANO individually and on behalf of other similarly situated employees by and through their attorneys, SERRINS FISHER LLP, allege against Defendants THANK YOU & GOOD LUCK CORP. ("Thank You"), ZENG LAN WANG ("Wang")(Thank You and Wang are collectively the "Wang Defendants"), OFF-BROADWAY LAUNDROMAT INC. ("OffBroadway"), 2167 3RD AVE LAUNDROMAT LLC ("2167"), EXCLUSIVE MANAGEMENT SOLUTION GROUP, INC. ("EMSG"), 115TH STREET AND FIRST AVE LAUNDROMAT INC. ("First"), IGOR BIRZH ("Birzh") and DIMITRI BEREZOVSKY ("Berezovsky") (OffBroadway, 2167, First, EMSG and Birzh are the "Bubble Defendants") as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 201 *et seq.* (Fair Labor Standards Act), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over the New York State law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this district, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

## THE PARTIES

3. Defendant Thank You is a dissolved domestic business corporation previously organized and existing under the laws of the State of New York and maintained its principal place of business at 2234 First Ave., New York, NY 10029.

4. Defendant OffBroadway is a domestic business corporation organized and existing under the laws of the State of New York and maintaining its principal place of business at 224 West 104th Street, New York, NY 10025.

5. Defendant 2167 is a domestic limited liability company organized and existing under the laws of the State of New York and maintaining its principal place of business at 2167 Third Ave., New York, NY 10035.

6. Defendant EMSG is a domestic business corporation organized and existing under the laws of the State of New York and maintaining its principal place of business at 5385 Netherland Avenue, Bronx, NY 10471.

7.     Defendant First is a domestic business corporation organized and existing under the laws of the State of New York and maintaining its principal place of business at 2234 First Avenue, New York, NY 10029.

8.     Upon information and belief, at all times relevant hereto, Wang Defendants were a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

9.     Upon information and belief, at all times relevant hereto, Bubble Defendants are a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

10.    Upon information and belief, at all relevant times hereto, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203.

11.    Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

12.    At all relevant times hereto, Plaintiffs were engaged in interstate "commerce" within the meaning of the FLSA.

13.    Bubble Defendants have been Plaintiffs' employers within the meaning of the New York State Labor Law ("NYLL") §§ 2, 190, and 651.

14.    Thank You Defendants have been Plaintiffs Lopez Catzin and Villano Clemente's employers within the meaning of the NYLL §§ 2, 190, and 651.

15.    Upon information and belief, Defendant Wang resides in the State of New York and is an owner, manager and/or employee of Defendant Thank You.

16.    Upon information and belief, Defendant Birzh resides in the State of New York and is an owner, manager and/or employee of Defendants 2167, First, EMSG, and OffBroadway.

17.    Upon information and belief, Defendant Berezovsky resides in the State of New York and is an owner, manager and/or employee of Defendants 2167, First, EMSG, and OffBroadway.

18.    Bubble Defendants and related entities own and operate sixteen laundromats in New York City under the name "Miss Bubble."

19.    These sixteen laundromats all share the same website.

20.    Pursuant to management services agreements, Defendant EMSG putatively hires all of the workers who work at each of the laundromats, sets the compensation and schedules, pays the salaries, and maintains employment records.

21.    Defendants EMSG and First entered into a management services agreement on January 1, 2015, and prior to that date, Defendant First hired Plaintiffs Lopez Catzin and Villano Clemente, set their schedules, paid their compensation, and, upon information and belief, maintained employment records.

22.    Prior to January 1, 2015 and subsequent to Defendants EMSG and First's alleged management services agreement, Defendants Birzh and Berezovsky controlled Plaintiffs' work conditions.

23.    From January 1, 2015 on, Defendants First and EMSG both employed Plaintiffs Lopez Catzin and Villano Clemente.

4

24.     Upon information and belief, Bubble Defendants are owned and/or operated by the same individuals including Defendants Birzh and Berezovsky, share employees and equipment, and apply the same payroll policies to all of their employees.

25.     Bubble Defendants' ownership and officers overlap.  For example, Defendant First's President, Inna Berezovskaya, is also a member of Defendant 2167.

26.     In addition, Defendant Birzh is the Chief Executive Officer of Defendant OffBroadway and also an employee of Defendant EMSG.

27.     Plaintiffs worked at least three of Bubble Defendants' Manhattan locations: 2224 1st Avenue (owned by Defendant First), 2167 3rd Ave. (owned by Defendant 2167) and 224 West 104th Street (owned by Defendant OffBroadway).

28.     In addition, Plaintiff Lopez Catzin also worked as Defendant EMSG's corporate headquarters.

29.     Defendant EMSG is also designated by the New York State Department of State to receive service of process on behalf of Defendant First.

30.     Bubble Defendants paid Plaintiffs in the same unlawful manner no matter at which laundromat they worked, kept similar records, and scheduled Plaintiffs to work similar shifts.

**Bubble Defendants are a Successor-in-Interest of Defendant Thank You.**

31.     Defendant Thank You owned a laundromat located at 2224 1st Avenue, New York, NY ("Laundromat").

32.     In December 2014, Bubble Defendants through Defendant First purchased the Laundromat.

33.     Shortly after Bubble Defendants purchased the Laundromat, Defendant Thank You was dissolved in April 2015.

34.     Bubble Defendants continues to operate the Laundromat and retained majority of Defendant Thank You's previous employees.

35.     Indeed, Plaintiffs Lopez Catzin and Villano Clemente worked at the Laundromat both before and after the sale.

36.     The Laundromat remains in the same location and uses the same equipment.

37.     Upon information and belief, Bubble Defendants purchased the assets and liabilities of the Laundromat.

38.     Bubble Defendants was aware or should have been aware of Wang Defendants' legal improprieties before purchasing the Laundromat.  Even a cursory review of Defendants' payroll practices at the time of the sale would have alerted Bubble Defendant that Defendant Thank You had violated several federal and New York State wage laws.

39.     Bubble Defendants retained many of Wang Defendants' unlawful pay practices.

40.     Bubble Defendants operated the Laundromat in substantial continuity with Wang Defendants and is liable to Plaintiffs and other similarly situated employees for Wang Defendants' violations.

**Defendant Wang and Defendants Birzh and Berezovsky are Individually Liable for the Wage Violations**

41.     Defendant Wang was, upon information and belief, a principal and officer of Defendant Thank You.

42.     Upon information and belief, Defendant Birzh is a principal and officer of Defendants 2167, First, EMSG, and/or OffBroadway.

43.     Upon information and belief, Defendant Berezovsky is a principal and officer of Defendants 2167, First, and/or OffBroadway.

44.     Defendant Berezovsky is a principal and officer of Defendant EMSG and made significant decisions regarding the operation of EMSG including whether Defendant EMSG entered into agreements with the laundromats.

45.     Defendant Wang possessed the authority to hire and fire employees of Defendant Thank You, supervise their work schedules, set their rates of pay, and maintain payroll records.

46.     Defendant Wang hired Plaintiffs Lopez Catzin and Villano Clemente, set their rate of pay, and set their work schedule.

47.     Defendant Birzh possessed the authority to hire and fire employees of Bubble Defendants, supervise their work schedules, set their rates of pay, and maintain payroll records.

48.     Defendants Berezovsky and Birzh, operating on behalf of Defendant First, continued Plaintiffs' employment after Bubble Defendants purchased the Laundromat, set their rate of pay, and set their work schedule.

49.     Defendant Berezovsky possessed the authority to hire and fire employees of Bubble Defendants, supervise their work schedules, set their rates of pay, and maintain payroll records.

50.     Defendant Berezovsky set all pay practices of Defendant EMSG, hired and fired employees, assigned work to employees, set their rates of pay and maintained pay and time records.

51.     Defendants Berezovsky and Birzh, as one of the ten largest shareholders of Defendants 2167, First, EMSG, and OffBroadway are individually responsible for unpaid wages under the New York Business Corporation Law.

52.     Defendant Wang exercised sufficient operational control over Defendant Thank You's operations to be considered Plaintiffs Lopez Catzin and Villano Clemente's employer under FLSA and NYLL.

53.     Defendant Birzh exercises sufficient operational control over Defendants 2167, First, EMSG, and OffBroadway's operations to be considered Plaintiffs' employer under FLSA and NYLL.

54.     Defendant Berezovsky exercises sufficient operational control over Defendants 2167, First, EMSG, and OffBroadway's operations to be considered Plaintiffs' employer under FLSA and NYLL.

## NATURE OF THE ACTION

55.     Plaintiffs bring this action (a) pursuant to the FLSA and the regulations thereto on behalf of herself and other similarly situated employees who were employed by Defendants within three (3) years before the filing of the instant Complaint; and (b) pursuant to the NYLL (§ 650 *et seq.*) and the New York Commissioner of Labor's Wage Order (the "Wage Orders,") codified at 12 N.Y.C.R.R. 141 *et seq.* on behalf of herself and other similarly situated employees who worked on or after the date that is six (6) years before the filing of the instant Complaint based upon the following acts and/or omissions which Defendants committed:

 i. Defendants' failure to pay the applicable minimum wage for each hour Plaintiffs worked as required by federal and state law and regulations;

    ii.  Bubble Defendants' failure to pay overtime compensation required by federal and state law and regulations to Plaintiffs, who worked in excess of forty (40) hours per week;

   iii.  All Defendants' failure to pay overtime compensation required by federal and state law and regulations to Plaintiffs Lopez Catzin and Villano Clemente, who worked in excess of forty (40) hours per week;

   iv.  All Defendants' failure to provide Plaintiffs with a wage notice and paystubs as required by NYLL § 195;

    v.  Wang Defendants' failure to provide Plaintiffs Lopez Catzin and Villano Clemente with spread-of-hours payments under 12 NYCRR 142-2.4;

   vi.  Bubble Defendants' failure to provide Plaintiff Aguilar-Cano with spread-of-hours payments under 12 NYCRR 142-2.4and

   vii. Bubble Defendants' policy to take unlawful deductions from Plaintiffs Aguilar-Cano and Lopez Catzin's pay in contravention of NYLL § 193.

56.    Defendants have knowingly and willfully engaged in a policy, pattern or practice of violating the FLSA and NYLL, as detailed in this Complaint.

## **FACT ALLEGATIONS**

**I.**    **Defendants' Wage and Hour Violations.**

57.    At all times relevant hereto, Defendants have committed acts and/or omissions intentionally and willfully, with knowledge that they have been violating federal and state laws and that Plaintiffs have been and continues to be economically injured.

58.    Defendants have maintained a policy and practice to not pay Plaintiffs and other similarly situated employees in accordance with federal and New York State law.

59.     Defendants maintain a workforce of workers, all of whom are paid in violation of federal and New York State laws.

60.     Wang Defendants have maintained a policy and practice of failing to pay the applicable minimum wage required by federal and New York State law for each hour Plaintiffs Lopez Catzin and Villano Clemente and other similarly situated employees worked.

61.     All Defendants have maintained a policy and practice of failing to pay proper overtime compensation and regulations to Plaintiffs and other similarly situated employees who worked in excess of forty (40) hours per week.

62.     Bubble Defendants have maintained and policy and practice of unlawfully deducting wages from Plaintiffs Aguilar-Cano and Lopez Catzin and other similarly situated employees' wages.

63.     All Defendants have maintained a policy and practice of failing to provide Plaintiffs and other similarly situated employees with proper wage notices and wage statements.

64.     Thank You Defendants maintained a policy or practice of failing to provide to Plaintiffs Lopez Catzin and Villano Clemente spread-of-hours payments.

65.     Bubble Defendants maintained a policy or practice of failing to provide to Plaintiff Augilar-Cano spread-of-hours payments.

A.     **Plaintiff Lopez Catzin's Schedule and Pay When Working For Wang Defendants.**

66.     Plaintiff Lopez Catzin worked for Wang Defendants in the Laundromat as a cashier and laundromat worker from on and about February 16, 2014 through December 8, 2014.

67.     Plaintiff Lopez Catzin's schedule fluctuated weekly.

68.     Plaintiff Lopez Catzin, however, always worked Monday, Tuesday, Thursday, Friday, Saturday, and Sunday.

69. The Laundromat was open from 7:00 a.m. until 11:30 p.m. or later and had a morning and night shift.

70. Plaintiff Lopez Catzin alternated each week between the morning shift, which lasted from 7:00 a.m. until 3:30 p.m., and the night shift from 3:30 p.m. until 10:30 p.m. or 11:30 p.m.

71. On Thursday, Plaintiff Lopez Catzin worked from 7:00 a.m. until the close of the Laundromat.

72. In addition, in those weeks when Plaintiff Lopez Catzin worked the morning shift, she regularly worked until 5:30 p.m. on Friday, Saturday, and Sunday.

73. Plaintiff Lopez Catzin was not permitted to take breaks lasting 20 minutes or more.

74. For this work, Wang Defendants paid Plaintiff Lopez Catzin a set rate of $430 a week and did not pay her an overtime premium of 150% of her regular rate her hours in excess of 40.

**B.**   **Plaintiff Lopez Catzin's Schedule and Pay When Working For Bubble Defendants.**

75. After Bubble Defendants purchased the Laundromat, Plaintiff Lopez Catzin worked for Bubble Defendants from December 9, 2014 through July 28, 2015 in the Laundromat as a cashier and laundromat worker and in Bubble Defendants' corporate offices as an office worker.

76. Plaintiff Lopez Catzin's schedule for her work at the Laundromat continued to fluctuate weekly after the Laundromat was purchased by Bubble Defendants.

77.     Plaintiff Lopez Catzin, however, always worked Tuesday through Sunday at the Laundromat until approximately June 20, 2015, when she started working Saturday and Sunday at Bubble Defendants' Manhattan corporate headquarters at 1492 Fifth Avenue.

78.     The Laundromat's hours of operation were extended to 12:00 a.m. after its purchase by Bubble Defendants.

79.     Plaintiff Lopez Catzin alternated daily between three shifts: the morning shift, which lasted from 7:00 a.m. until 4:00 p.m., the afternoon shift, which lasted from 11:00 a.m. until 8:00 p.m. and the night shift that lasted from 3:00 p.m. until 12:00 a.m.

80.     Plaintiff Lopez Catzin was also not permitted to take breaks lasting 20 minutes or more.

81.     For this work, Bubble Defendants paid Plaintiff Lopez Catzin in cash $8.50 an hour.

82.     Beginning on and about June 21, 2015, on Saturday and Sunday, Plaintiff Lopez Catzin worked as an office worker in Bubble Defendants' corporate office.

83.     Plaintiff Lopez Catzin worked 12:00 p.m. through 10:00 p.m. on both days.

84.     Plaintiff Lopez Catzin was also not permitted to take breaks lasting 20 minutes or more.

85.     For this work, Bubble Defendants paid Plaintiff Lopez Catzin in cash $11.00 an hour until the beginning of July 2015 and then $10.00 an hour for the rest of her employment.

86.     Bubble Defendants did not pay Plaintiff Lopez Catzin an overtime premium of 150% of her regular rate for her hours worked in excess of 40.

C.  **Plaintiff Villano Clemente's Schedule and Pay When Working
For Wang Defendants.**

87.  Plaintiff Villano Clemente worked for Wang Defendants in the Laundromat as a cashier and laundromat worker from on and about July 21, 2011 through December 8, 2014.

88.  Plaintiff Villano Clemente's schedule fluctuated weekly.

89.  Plaintiff Villano Clemente, however, always worked Monday, Wednesday, Thursday, Friday, Saturday, and Sunday.

90.  For much of Plaintiff Villano Clemente's employment, the Laundromat was open from 7:00 a.m. until 10:30 p.m. or later and had a morning and night shift.

91.  Plaintiff Villano Clemente alternated each week between the morning shift, which lasted from 10:00 a.m. until 7:00 p.m., and the night shift from 1:00 p.m. until the Laundromat's closing.

92.  In early 2014, Plaintiff Villano Clemente's schedule changed.

93.  Plaintiff Villano Clemente alternated each week between the morning shift, which lasted from 7:00 a.m. until 3:30 p.m., and the night shift from 3:30 p.m. until 10:30 p.m. or 11:30 p.m.

94.  On Wednesday, Plaintiff Villano Clemente worked from 7:00 a.m. until the close of the Laundromat.

95.  In addition, in those weeks when Plaintiff Villano Clemente worked the morning shift, she regularly worked until 5:30 p.m. or later on Saturday, and Sunday.

96.  Plaintiff Villano Clemente was not permitted to take breaks lasting 20 minutes or more.

13

97.     For this work, Wang Defendants paid Plaintiff Villano Clemente a set rate of $300 a week for the first year of her employment, $350 per week from 2012 until early 2014, and then $430 from the beginning of 2014 until the Wang Defendants sold the Laundromat.

98.     Defendants never paid Plaintiff Villano Clemente an overtime premium of 150% of her regular rate her hours in excess of 40.

D.     **Plaintiff Villano Clemente's Schedule and Pay When Working For Bubble Defendants.**

99.     After Bubble Defendants purchased the Laundromat, Plaintiff Villano Clemente continued to work for Bubble Defendants through present in the Laundromat as a cashier and laundromat worker.

100.    Plaintiff Villano Clemente's schedule for her work at the Laundromat continued to fluctuate weekly after the Laundromat was purchased by Bubble Defendants.

101.    Plaintiff Villano Clemente however, always worked every day except Tuesday.

102.    The Laundromat's hours of operation were extended to 12:00 a.m. after its purchase by Bubble Defendants.

103.    Plaintiff Villano Clemente alternated daily between three shifts: the morning shift, which lasted from 7:00 a.m. until 4:00 p.m., the afternoon shift, which lasted from 11:00 a.m. until 8:00 p.m. and the night shift that lasted from 3:00 p.m. until 12:00 a.m.

104.    Plaintiff Villano Clemente was also not permitted to take breaks lasting 20 minutes or more.

105.    For this work, Bubble Defendants paid Plaintiff Villano Clemente in cash $8.50 an hour.

106.     Bubble Defendants did not pay Plaintiff Villano Clemente an overtime premium of 150% of her regular rate for her hours worked in excess of 40.

      E.    **Plaintiff Aguilar-Cano's Schedule and Pay When Working For Bubble Defendants.**

107.     Plaintiff Aguilar-Cano worked at Bubble Defendants' laundromat located at 224 West 104th Street, New York, NY 10025.

108.     Plaintiff Aguilar-Cano worked at this location from January 2005 until July 7, 2014 performing cashier, delivery, and other tasks.

109.     Plaintiff Aguilar-Cano worked every day except Thursday.

110.     Plaintiff Aguilar-Cano worked from 2:00 p.m. until 12:00 a.m. or later.

111.     Plaintiff Aguilar-Cano was not permitted to take breaks lasting 20 minutes or more.

112.     For this work, Bubble Defendants paid Plaintiff Aguilar-Cano in cash $6.50 an hour in 2009 and raised her pay to $7.00 an hour in the beginning of 2014.

113.     Bubble Defendants did not pay Plaintiff Aguilar-Cano an overtime premium of 150% of her regular rate for her hours worked in excess of 40.

    2.  **Wage Violations Affecting Plaintiffs.**

        1.  **Minimum Wage Violations.**

114.     All Defendants failed to pay Plaintiffs the minimum wage required under federal and New York State law for each hour she worked.

        2.  **Overtime Pay Violations**

115.     All Defendants failed to pay Plaintiffs for their extensive overtime hours at time-and-a-half of her regular rate of pay.

### 3. Notice and Recordkeeping Violations

116.    All Defendants failed to provide Plaintiffs with a wage notice or wage statements in compliance with NYLL § 195.

117.    All Defendants did not provide each Plaintiff with a notice specifying her rate of pay, the basis of pay, allowances (if any) claimed against the minimum wage (e.g., tips, meals, lodging, etc.), or the identification of the regular pay day.

118.    All Defendants also did not provide each Plaintiff with an accurate paystub specifying the pay period, her hourly rate of pay, the regular and overtime hours he worked, or any other information required under NYLL § 195.

119.    All Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL and supporting regulations.

### 4. Bubble Defendants' Unlawful Deductions from Plaintiffs Lopez Catzin and Aguilar-Cano's Pay

120.    Bubble Defendants also unlawfully deducted from Plaintiffs Aguilar-Cano and Lopez Catzin's pay.

121.    For example, on one occasion, a customer misplaced her bag at the laundromat and Bubble Defendants deducted $33 from Plaintiff Lopez Catzin's pay to replace it.

122.    On another occasion, Bubble Defendants deducted $25 from Plaintiff Lopez Catzin's pay because another employee failed to properly make a credit card transaction.

123.    Bubble Defendants also deducted from Plaintiff Aguilar-Cano's pay if customers complained about employees' work product.

124.    These and other deductions violated NYLL § 193, which prohibits unlawful deductions.

**5. Thank You Defendants' Failure to Pay Spread-of-Hours Payments to Plaintiffs Lopez Catzin and Villano Clemente and Bubble Defendants' Failure to Pay Spread-of-Hours Payments to Plaintiff Aguilar-Cano.**

125.    Thank You Defendants failed to pay Plaintiffs Lopez Catzin and Villano Clemente spread-of-hours payments even though they regularly worked more than 10 hours a day.

126.    Similarly, Bubble Defendants failed to Plaintiff Aguilar-Cano spread-of-hours payments even though she regularly worked 10 or more hours a day.

**II.    Collective Action Allegations.**

127.    All Defendants' violations of the FLSA and NYLL extend beyond the Plaintiffs to all other similarly situated employees.

128.    Plaintiffs seek certification of this action as a collective action on behalf of herself, individually, and all other similarly situated current and former cashiers and laundromat workers and other employees performing similar duties employed by Wang and Bubble Defendants pursuant to 29 U.S.C. § 216(b).

129.    Plaintiffs' Consent to Sue forms are attached as **Exhibit 1**.

130.    At all relevant times, Plaintiffs and others who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Bubble and Wang Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay the statutorily required overtime compensation for hours worked in excess of forty (40) per workweek, and willfully failing to keep records required by the FLSA.  Plaintiffs' claims stated herein are similar to those of other employees.

131.     Similarly situated former and current employees are readily identifiable and locatable through Bubble and Wang Defendants' records.  These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

### III.     Class Action Allegations Under Fed. R. Civ. P. 23(b)(3) for Violations of the NYLL.

132.     Plaintiffs bring this action collectively on behalf of herself and other current and former cashiers and laundromat workers and other employees performing similar duties who did not receive compensation required by the NYLL in respect to their work for Wang or Bubble Defendants and who have worked for the Wang or Bubble Defendants on or after the date that is six (6) years before the filing of the instant Complaint.

133.     Upon information and belief, each class of persons consists of not less than 40 persons, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed.R.Civ.P.23(a)(1).

134.     There are questions of law and fact common to the class, which predominate over any questions affecting only individual members, specifically: whether employment of Plaintiffs by Bubble and Wang Defendants is subject to jurisdiction and wage and overtime requirements of the NYLL.

135.     The claims of Plaintiffs are typical of the claims of the above-described class in that all of the members of the class have been similarly affected by the acts and practices of Bubble and Wang Defendants.

136.     Plaintiffs will fairly and adequately protect the interests of the members of the class, in that her interests are not adverse to the interests of other members of the class.

137.     A class action is superior to the other available methods for the fair and efficient adjudication of the controversy under the standards of Fed.R.Civ.P.23(b)(3).

138.     Plaintiffs bring the fourth, fifth, and seventh claims for relief herein on behalf of themselves and all other persons similarly situated as a class action pursuant to Fed.R.Civ.P. 23, in respect to all claims that Plaintiffs and all persons similarly situated have against Bubble Defendants as a result of Bubble Defendants' violations of NYLL.

139.     Plaintiffs bring the third, fourth, fifth, and sixth claims for relief herein on behalf of themselves and all other persons similarly situated as a class action pursuant to Fed.R.Civ.P. 23, in respect to all claims that Plaintiffs and all persons similarly situated have against Wang Defendants as a result of Wang Defendants' violations of NYLL.

## FIRST CLAIM FOR RELIEF
### (Minimum Wage Violations under the FLSA By Plaintiff Aguilar-Cano against Bubble Defendants and Plaintiffs Lopez Catzin and Villano Clemente Against Wang Defendants)

140.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

141.     Wang Defendants have knowingly and willfully engaged in a policy, pattern or practice of violating the FLSA, as detailed in this Complaint.

142.     Throughout the statute of limitations period covered by these claims, Wang Defendants failed to pay Plaintiffs Lopez Catzin and Villano Clemente and others similarly situated the federal minimum wage for each hour worked, in violation of 29 U.S.C. §§ 206(a) and 255(a).

143.     Bubble Defendants have knowingly and willfully engaged in a policy, pattern or practice of violating the FLSA, as detailed in this Complaint.

144.     Throughout the statute of limitations period covered by these claims, Bubble Defendants failed to pay Plaintiff Aguilar-Cano and others similarly situated the federal minimum wage for each hour worked, in violation of 29 U.S.C. §§ 206(a) and 255(a).

145.     Plaintiffs seek damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### SECOND  CLAIM FOR RELIEF
### (Overtime Wage Violations under the FLSA against all Defendants)

146.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

147.     Throughout the statute of limitations period covered by these claims, Plaintiffs regularly worked in excess of forty (40) hours per workweek.

148.     At all relevant times hereto, Defendants have had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of knowingly and willfully failing and refusing to pay Plaintiffs and others similarly situated at one and a half times their regular rate of pay for all hours of work in excess of forty (40) hours per workweek, and willfully failing to keep required records, in violation of the FLSA.

149.     Plaintiffs seek damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
### (Minimum Wage Violations under the NYLL By Plaintiff Aguilar-Cano against Bubble Defendants and Plaintiffs Lopez Catzin and Villano Clemente Against Wang Defendants )

150.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

Case 1:15-cv-07109-KBF   Document 157-63   Filed 06/02/17   Page 21 of 28

151.    Wang Defendants knowingly and willfully paid Plaintiffs Lopez Catzin and Villano Clemente and others similarly situated less than the minimum wage in violation of NYLL § 652 and the supporting regulations of the New York State Department of Labor.

152.    Bubble Defendants knowingly and willfully paid Plaintiff Aguilar-Cano and others similarly situated less than the minimum wage in violation of NYLL § 652 and the supporting regulations of the New York State Department of Labor.

153.    As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiffs and others similarly situated have sustained damages and seek recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
### (Overtime Wage Violations under NYLL against all Defendants)

154.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

155.    New York law prohibits an employer from permitting an employee to work without paying overtime wages of 150% of his or her regular rate for all hours worked in excess of forty (40) in any workweek.

156.    Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly failed to pay Plaintiffs and others similarly situated at the required overtime rates, one and a half times their regular rate of pay, for hours worked in excess of forty (40) per workweek.

157.    As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiffs and others similarly situated have sustained damages and

seek recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### FIFTH CLAIM FOR RELIEF
**(NYLL Failure to Notify against all Defendants)**

158.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

159.    Pursuant to §195(1) of the NYLL, within ten business days of Plaintiffs and other similarly situated employees' hiring, Defendants were obligated to provide them with a notice describing, *inter alia*, their hourly regular and overtime rates of pay.

160.    Pursuant to §195(3) of the NYLL, Defendants are obligated to provide Plaintiffs and other similarly situated employees with a wage statement, along with their pay, that specified their rate of pay, their hours worked, and the pay period.

161.    Defendants failed to provide Plaintiffs and other similarly situated employees with a notice or accurate paystub in accordance with §195 of the NYLL.

162.    As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiffs and other similarly situated employees have sustained damages and seek damages in accordance with §195 of the NYLL for each week Defendants failed to provide such notice and paystubs, along with attorneys' fees, costs and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## SIXTH CLAIM FOR RELIEF
**(NYLL Spread-of-Hours By Plaintiff Aguilar-Cano against Bubble Defendants and Plaintiffs Lopez Catzin and Villano Clemente against Wang Defendants)**

163.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

164.    Pursuant to 12 NYCRR 142-2.4, Defendants had an obligation to compensate Plaintiffs for one hour's pay at the minimum wage for each hour she worked in excess of 10 hours in a given day.

165.     Although Plaintiffs and other similarly situated employees worked more than 10 hours each day, Defendants failed to compensate Plaintiffs and other similarly situated employees for one hour's pay at the minimum wage.

166.    As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiffs and other similarly situated employees have sustained damage and seeks recovery for unpaid spread-of-hours payments in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## SEVENTH CLAIM FOR RELIEF
**(NYLL Unlawful Deductions Against Bubble Defendants by Plaintiffs Lopez Catzin and Aguilar-Cano)**

167.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

168.    Pursuant to NYLL §193, it was unlawful for Bubble Defendants to deduct from Plaintiffs Lopez Catzin and Aguilar-Cano and other similarly situated employees' wages

unless the deductions were for their benefit and was authorized in writing by Plaintiffs Lopez Catzin and Aguilar-Cano and other similarly situated employees.

169.    Bubble Defendants routinely deducted from Plaintiffs Lopez Catzin and Aguilar-Cano and other similarly situated employees' wages in contravention of NYLL §193.

170.    As a direct and proximate result of Bubble Defendants' willful and unlawful conduct, as set forth herein, Plaintiffs Lopez Catzin and Aguilar-Cano and other similarly situated employees have sustained damage and seek recovery for unlawful deductions in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment awarding:

A. Compensatory Damages in an amount to be determined at trial;

B. Prejudgment Interest;

C. Liquidated Damages pursuant to the FLSA and NYLL;

D. Plaintiffs' costs and reasonable attorneys' fees; and

E. Any relief the Court deems just and proper.

Dated:  June 2, 2016
        New York, New York

Respectfully submitted,

_____/s/_____
Michael Taubenfeld
SERRINS FISHER LLP
233 Broadway, Suite 2340
New York, New York 10279
Phone: (212) 571-0700
Facsimile: (212) 233-3801
*ATTORNEYS FOR PLAINTIFFS*

EXHIBIT 1

## CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT

I am an individual who was employed by THANK YOU & GOOD LUCK CORP. and OFFBROADWAY LAUNDROMAT INC. and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by me in this case.


LUCIA LOPEZ CATZIN
NAME

_Lucia Lopez Catzo_
SIGNATURE

09-03-15
DATE

**CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT**

I am an individual who was employed by THANK YOU & GOOD LUCK CORP. and OFFBROADWAY LAUNDROMAT INC. and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by me in this case.


Silvia Villano Clemente
NAME

SIGNATURE

09-22-15
DATE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUCIA LOPEZ CATZIN y SILVIA
VILLANO CLEMENTE, individualmente y
en nombre de otros igualmente situado,

Demandantes,

-contra-

THANK YOU & GOOD LUCK CORP.,
ZENG LAN WANG, OFFBROADWAY
LAUNDROMAT INC., 2167 3RD AVE
LAUNDROMAT LLC y IGOR BIRZH,

Demandados.

Case No.: 15-cv-7109(KBF)

## CONSENTIMIENTO PARA UNIRSE

Por mi firma abajo, yo autorizo la presentación y el procesamiento de la acción del Acto de
Estándares de Trabajo Justa ("FLSA") diseñada de mi nombre y de mi parte por los susodichos
Demandantes representativos y para designar como mis agentes para tomar decisiones en mi
nombre sobre el litigio, el método y la forma de llevar a cabo este tipo de litigios, la introducción
de un acuerdo con los abogados de los demandantes sobre costos y honorarios de abogado, y todas
las demás cuestiones relativas a esta demanda.

Nombre: Yadira Aguilar Cano

Firma: Yadira Aguilar Cano

Dirección: ▮▮▮

Teléfono: ▮▮▮

Ciudad, Estado, Código Postal: ▮▮▮

Fecha: 6 de Abril 2016

## POR FAVOR DEVUELVA ESTE FORMULARIO ANTES DEL 22 DE ABRIL DE 2016 A:

MICHAEL TAUBENFELD, ESQ.
Abogados de Demandantes
SERRINS FISHER LLP
233 Broadway, Suite 2340
New York, NY 10279
tel.: 212-571-0700
fax: 212-233-3801
email: michael@serrinsfisher.com