# LAW OFFICE OF MARK R. KOOK

270 Madison Avenue, Suite 1203 • New York, NY 10016 • Tel. 212-766-4100 • Fax 212-766-4109
mkook@kooklaw.com

July 14, 2017

**By E-File**
Hon. Katherine B. Forrest
United States District Court
Southern District of New York
500 Pearl Street – Room 1950
New York, New York 10007

      Re:    Catzin v. Thank You & Good Luck Corp., et al.
                  <u>15 Civ. 7109(KBB)</u>

Dear Judge Forrest:

      My firm represents defendants Exclusive Management Group Solutions, Inc., Dimitri Berezovsky and Igor Birzh. I respectfully submit this letter in support of Defendants' Motion to preclude Plaintiffs from introducing at trial any evidence relating any alleged damages with respect to Plaintiff Yadira Aguilar Cano ("Cano") on the ground that Plaintiffs violated Fed. R. Civ. P. 26 by failing to disclose any information whatsoever relating to such alleged damages in any of their Rule 26(a) Disclosures.

      Rule 26(a)(ii) requires that each party must disclose "a computation of each Category of damages claimed by the disclosing party". Plaintiffs failed to disclose in their Required Disclosures any calculation, component, amount or any other information relating to any damages relating to plaintiff Cano. (<u>See</u> Exhibit 1—Plaintiffs' Revised Rule 26(a) Disclosures, dated March 2, 2016.)

      The first time Plaintiffs produced any information with respect to Cano's alleged damages was yesterday, July 13, as proposed trial exhibits. (<u>See</u> Exhibit 2.) That is a violation of Rule 26. <u>See</u> cases cited in <u>Kintetsu World Express (USA), Inc.</u> v. <u>Johnson Controls Incorporated</u>, 2015 WL 9273942, at * 6 (Dec. 17, 2015 E.D.N.Y. 2015); <u>see also</u> <u>Gurvey</u> v. <u>Cowan, Liebowitz & Lathman, P.C.</u>, 2014 WL 715612, at * 6 (S.D.N.Y. Feb. 25. 2014)(defendants have already made out a *prima facie* case that the imposition of sanctions are appropriate pursuant to Fed.R.Civ.P. 37 . . . . Plaintiff's Rule 26(a)(1) disclosures provide no calculation of damages").

      Plaintiffs' efforts to avoid disclosing information concerning Cano is understandable, though improper. As set forth in the Declaration of EMSG's Dimitri Berezovsky, dated August 25, 2016, and submitted in opposition to Plaintiffs' Rule 23

class action motion (ECF Docket No. 157[1]), Cano's employment was terminated in 2014 for stealing from the cash register at the laundromat. As she testified at her deposition, Cano admitted (i) that there was ongoing theft from the register at her laundromat, and (ii) that she did not know of any other worker at her Laundromat who might have stolen the cash. (Cano Dep. 77-78.) Further, Cano stated at deposition that the only reason she agreed to join this lawsuit was to sue Berezovsky for "unjustly firing" her for theft - - a claim that is so baseless that her attorney did not include it in the Complaint. (See Cano Dep. 21-22; 73, 74-75, 109-10, 112.)

In addition, Cano's claims in all events are based on a plain falsehood. Cano has sworn that when she worked in 2013 and 2014, she was never paid more than $7.00 an hour. (See Cano Decl. at ¶ 6; Plaintiffs' Moving Brief p. 5 ("Plaintiff Aguilar Cano earned an hourly rate ranging from $5.00 to $7.00 over the course of her employment"); Third Am. Cplt ¶ 112.) The fact that her claim is false is proven by simple mathematics. Cano testified that even by her own recollection, she never worked more than 60 hours in any week. (Cano Dep. 69.) Cano and the other plaintiffs do not dispute Defendant EMSG's records regarding the number of hour worked each week, and the total amount paid each week. *Assuming* that Cano's false claim of a $7.00 hourly wage were true, she would have regularly been working more than 20 additional hours each week than the amount of hours set forth on her spreadsheet, which she said were correct, or almost 80 hours a week, an impossibility according to Cano's own testimony:

| Yadira Aguilar-Cano - Hours - Off Broadway Laundromat | | | | |
|---|---|---|---|---|
| Date/Week | Total Hours | Alleged Rate | Total Weekly Paid | Alleged "Hours Worked at 7.00" |
| 2/24/2014-3/2/2014 | 53 | $7.00 | $517.00 | 73.86 |
| 3/3/2014-3/9/2014 | 56 | $7.00 | $546.00 | 78.00 |
| 3/10/2014-3/16/2014 | 53 | $7.00 | $538.00 | 76.86 |
| 3/17/2014-3/23/2014 | 56 | $7.00 | $546.00 | 78.00 |
| 3/24/2014-3/30/2014 | 51 | $7.00 | $497.00 | 71.00 |
| 3/31/2014-4/6/2014 | 54 | $7.00 | $527.00 | 75.29 |
| 4/7/2014-4/13/2014 | 55 | $7.00 | $536.00 | 76.57 |
| 4/14/2014-4/20/2014 | 47 | $7.00 | $458.00 | 65.43 |
| 4/21/2014-4/27/2014 | 55 | $7.00 | $536.00 | 76.57 |
| 4/28/2014-5/4/2014 | 57 | $7.00 | $556.00 | 79.43 |

---

[1] All deposition testimony referred herein was submitted with the Berezovsky Declaration.

| | | | | |
|---|---|---|---|---|
| 5/5/2014-5/11/2014 | 55 | $7.00 | $536.00 | 76.57 |
| 5/12/2014-5/18/2014 | 51 | $7.00 | $497.00 | 71.00 |
| 5/19/2014-5/25/2014 | 53 | $7.00 | $517.00 | 73.86 |
| 5/26/2014-6/1/2014 | 53 | $7.00 | $517.00 | 73.86 |
| 6/2/2014-6/8/2014 | 51 | $7.00 | $497.00 | 71.00 |
| 6/9/2014-6/15/2014 | 52 | $7.00 | $507.00 | 72.43 |
| 6/16/2014-6/22/2014 | 52 | $7.00 | $507.00 | 72.43 |
| | | | | |

Cano realized that her "$7.00" claim was false, and she sought to change her testimony at her deposition to "$9.50" (see Cano Dep. 69) – after she had already repeatedly and falsely sworn that she was never paid more than $7.00 an hour.

Not surprisingly, the damages calculation that Plaintiffs now use for Cano in their proposed trial exhibit is "$9.50".

Defendants respectfully submit that Plaintiffs' proposed trial exhibits seeking to offer, for the very first time in this case, alleged damages calculations (indeed, *any* information) as to Cano's alleged damages should be rejected and precluded.

Thank you.

Respectfully,

/Mark R. Kook

Cc: All Counsel (by e-file)