F I S H E R  |  T A U B E N F E L D  LLP

225 Broadway, Suite 1700
New York, New York 10007
**Main** 212.571.0700
**Fax** 212.505.2001
www.fishertaubenfeld.com

Writer's direct dial: (212) 571-0700 ex. 102
Writer's email: michael@fishertaubenfeld.com

July 14, 2017

**VIA ECF**
Hon. Katherine Forrest
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

> Re*:* Lopez Catzin et al. v. Thank You & Good Luck Corp et al.
> Case No.: 15-cv-7109 (KBF)

Dear Judge Forrest:

We represent Plaintiffs in this matter. We write to request that the Court:

1) Preclude any Defendants from eliciting or offering at trial any evidence, testimony, or information that touches upon, goes to, or involves Plaintiffs' immigration status or citizenship at the present or at any point in time;

2) Preclude any Defendants from eliciting or offering at trial any evidence, testimony, or information that touches upon Plaintiffs' knowledge regarding their obligations to pay taxes and their payments of taxes to the government;

3) Preclude any Defendants from eliciting or offering at trial any evidence, testimony, or information that touches upon, goes to, or involves Plaintiffs' current or prior financial history; and

4) Preclude any Defendants from introducing any footage from their purported video cameras or receipts establish the purchases of those cameras.

1. Immigration Status.

Plaintiffs are immigrants who were not paid proper minimum or overtime wages under the New York Labor Law ("NYLL"). In an attempt to discredit Plaintiffs and mislead the

1

jury, Defendants may attempt to ask questions about Plaintiffs' immigration status.  However, immigration status is not relevant to claim under the NYLL.  For this reason and others, this Court has precluded the introduction at trial of testimony or evidence regarding a plaintiff's immigration status. As this Court noted,

> This Court finds that evidence of immigration status is irrelevant and therefore not admissible regarding any issue with respect to any New York state law claim. In addition, even if evidence of immigration status were relevant to some element of some claim, Rule 403 of the Federal Rules of Evidence is itself sufficient to preclude the admission of such evidence. Evidence regarding immigration status could unduly prejudice plaintiff's case.

Garcia v. BAE Cleaners Inc., No. 10 CIV 7804 KBF, 2011 WL 6188736, at *1 (S.D.N.Y. Dec. 12, 2011).  For the same reasons, the Court should preclude Defendants from asking questions or introducing evidence regarding Plaintiffs' immigration status.

2.  Tax Returns.

During Plaintiffs' depositions, Defendants asked them whether they paid taxes on the money they earned while working for Defendant EMSG.  This Court has precluded such testimony at trial.  Galindo v. Vanity Fair Cleaners, No. 09-CIV-6990 KBF, 2012 WL 2510278, at *4 (S.D.N.Y. June 29, 2012).  As this Court noted, "any attempt to elicit evidence regarding payment or non-payment of taxes [is] simply another way to introduce plaintiffs' immigration status-which . . . is plainly not allowed."  Further, in this case, the tax returns would not provide any useful information.  The parties have largely stipulated to how much Defendants paid Plaintiffs each week.  Since the parties all acknowledge how much Plaintiffs were paid, the tax returns would not show any relevant information.  Accordingly, the Court should preclude Defendants from asking questions or introducing evidence regarding Plaintiffs' knowledge of their obligations to pay taxes or their actual payment of taxes.

3.  Financial History.

Defendants spent a significant amount of time during Plaintiffs' depositions questioning them about their financial circumstances.  The presumed basis for these questions is to establish that Plaintiffs are poor and therefore willing to bring a fraudulent lawsuit against Defendants in order to make money.

While the standard for relevance is not high, "evidence is only relevant if it has any tendency to make a material fact more or less probable than it would be without the evidence." Hart v. RCI Hosp. Holdings, Inc., 90 F. Supp. 3d 250, 257 (S.D.N.Y. 2015).  Here, Plaintiffs' financial circumstances are irrelevant to whether they were paid properly.  Plaintiffs were either paid properly or they were not and how rich or poor they are is irrelevant to that determination.

In addition, under Rule 403, "the Court may exclude relevant evidence where its probative value is substantially outweighed by the risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Evidence is considered prejudicial if it involves some adverse effect beyond tending to prove the fact or issue that justified its admission into evidence." Id. Here, Defendants appear to intend to use Plaintiffs' purported poverty to establish that they have an incentive to lie. However, the jury could infer that Plaintiffs, Spanish-speaking immigrants, have limited resources because they are undocumented immigrants. Because Plaintiffs' financial standing is both irrelevant and prejudicial, the Court should preclude questioning and evidence on Plaintiffs' financial status.

4. Video Footage.

The Court should also preclude Defendants from introducing video camera footage and the receipts reflecting the purchase of the video cameras at the laundromats, which are identified as DX14 and DX15 EMSG Defendants' Exhibit List, Appendix C of the JPTO (DE 249, pp.22-23). These exhibits are irrelevant under Rule 402. The video camera footage appears to be from two laundromats (1) 2234 First Avenue and (2) a laundromat on 118th Street. No Plaintiff worked at the 118th Street laundromat, so it is hard to understand what relevance the footage from that laundromat could have. With records to the 2234 First Avenue laundromat, Plaintiff Lopez Catzin worked there until May 2015 and Villano Clemente continues to work there, although she has been paid properly since November 2015. The video footage, however, appears to be timestamped October 29, 2016, well after Plaintiff Lopez Catzin stopped working there and after the period from which Plaintiff Villano Clemente is claiming damages. Accordingly, the footage from these videos cannot be relevant.

Further, Rule 608 also precludes these exhibits as extrinsic evidence designed to attack Plaintiffs' credibility. As this Court has noted, "[w]hile courts have discretion to permit inquiry into instances of conduct on cross-examination, they are categorically barred from admitting extrinsic evidence of such instances." Francois v. Mazer, No. 09 CIV. 3275 (KBF), 2012 WL 12549430, at *1 (S.D.N.Y. May 14, 2012). These exhibits are being introduced to attack credibility and therefore cannot be admitted. Accordingly, the Court should preclude Defendants' Exhibits DX14 and DX15.

Thank you for your attention to the above.

Respectfully Submitted,
--------------------/s/------------------
Michael Taubenfeld (MT-4640)