UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 26, 2017

LUCIA LOPEZ CATZIN, SILVIA VILLANO
CLEMENTE, and YADIRA AGUILAR-CANO,
individually and on behalf of others similarly
situated,

          Plaintiffs,

        -v-

THANK YOU & GOOD LUCK CORP., ZENG
LAN WANG, OFFBROADWAY
LAUNDROMAT INC., 2167 THIRD AVE
LAUNDROMAT LLC, EXCLUSIVE
MANAGEMENT SOLUTIONS GROUP, INC.,
IGOR BIRZH, DIMITRI BEREZOVSKY, and
115TH STREET AND FIRST AVE
LAUNDROMAT, INC.,

          Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

15-cv-7109 (KBF)

OPINION & ORDER

-----------------------------------------------------------------X

KATHERINE B. FORREST, District Judge:

    Plaintiffs—a group of laundromat workers—commenced this action on

September 9, 2015. (ECF No. 1)  In their third amended complaint, which is now

the operative complaint, plaintiffs assert claims under the Fair Labor Standards

Act ("FLSA") and the New York Labor Law ("NYLL") for failure to pay minimum

and overtime wages, failure to pay spread-of-hours payments, and failure to provide

wage notices and wage statements.  (See ECF No. 116.)  The third amended

complaint states that "[t]his Court has subject matter jurisdiction pursuant to 29

U.S.C. § 201 et seq.  (Fair Labor Standards Act), 28 U.S.C. § 1337 (interstate

commerce), and 28 U.S.C. § 1331 (original federal question jurisdiction).

Supplemental jurisdiction over the New York State law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." (Id. ¶ 1.)

Trial is scheduled to commence on August 2, 2017. (See ECF No. 243.) On July 14, 2017, the Court received the parties' motions in limine and pretrial materials, including the parties' joint pretrial order, proposed voir dire, proposed jury instructions, and proposed verdict form. (See ECF Nos. 248-254.)[1] The pretrial materials focus solely on the New York Labor Law. For example, the proposed jury instructions state: "Plaintiffs are claiming that their former employers Exclusive Management Solution Group, Inc., otherwise known as EMSG, and Dimitri Berezovsky failed to pay them properly in accordance with the New York Labor Law. In particular . . . ." (ECF No. 250 at 3.) In addition, the proposed verdict form asks the jury to find whether there was a violation of the New York Labor Law but does not mention the Fair Labor Standards Act. (See ECF No. 251.) On July 24, 2017, plaintiffs filed their opposition to defendants' motion in limine. (ECF No. 260.) That submission makes clear why the parties' pretrial materials focus solely on the New York Labor Law. In their opposition to defendants' motion in limine, plaintiffs state: "Plaintiffs intend to pursue at trial only their NYLL claims since the NYLL provides all relief that the FLSA provides." (ECF No. 257 at 1 n.1.) Put

---

[1] The parties largely agree as to the contents of these materials; certain limited disputes exist that are not material here. (See ECF No. 253.)

differently, plaintiffs have expressly abandoned and waived their claims under the Fair Labor Standards Act.

Because plaintiffs have abandoned and waived their FLSA claims, there are no longer any pending claims for which this Court has original subject matter jurisdiction. As plaintiffs noted in their third amended complaint, original subject matter jurisdiction was conferred by the FLSA, 28 U.S.C. § 1331, and 28 U.S.C. § 1337. Cf Breuer v. Jim's Concrete of Brevard, Inc., 538 U.S. 691, 694 (2003) (noting that these provisions provide the district court with jurisdiction over FLSA claims). The Court's jurisdiction to decide plaintiffs' NYLL claims was based upon supplemental jurisdiction and the relationship of those claims to plaintiffs' FLSA claims. In the absence of plaintiffs' FLSA claims, the Court must determine whether it is still appropriate to proceed to trial on plaintiffs' NYLL claims.

Under 28 U.S.C. § 1367, when "the district court has dismissed all claims over which it has original jurisdiction," the court may decline to exercise supplemental jurisdiction over related state law claims. See also Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006) ("[W]hen a court grants a motion to dismiss for failure to state a federal claim, the court generally retains discretion to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over pendent state-law claims."). This is not the precise situation presented here—as described above, the Court has not dismissed plaintiffs' FLSA claims; rather, such claims were expressly and voluntarily abandoned and waived. Nonetheless, 28 U.S.C. § 1367 appears to

provide apt guidance to the Court and, as discussed below, the Court declines to exercise supplemental jurisdiction over plaintiffs' NYLL claims.

"Once a district court's discretion is triggered under § 1367(c)(3), it balances the traditional 'values of judicial economy, convenience, fairness, and comity,' in deciding whether to exercise jurisdiction." Kolari v. New York-Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 349 (1988)). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Cohill, 484 U.S. at 350 n.7.; see Kolari, 455 F.3d at 122. Here, fairness and comity strongly weigh against the exercise of supplemental jurisdiction. Although their motives are not entirely clear, it appears to the Court that plaintiffs may have strategically asserted FLSA claims for the purpose of manufacturing jurisdiction, when they truly intended to litigate only claims under the New York Labor Law, which effectively can and should be resolved in state court.[2] The Court acknowledges that it is now the eve of trial and there is some judicial economy to be gained by the exercise of supplemental jurisdiction. However, the Court believes that doing so would improperly reward plaintiffs' actions and encourage similar behavior in the future.

In sum, plaintiffs have abandoned and waived their claims under the Fair Labor Standards Act and the Court declines to exercise supplemental jurisdiction over plaintiffs' New York Labor Law claims. Accordingly, the upcoming trial and all

---

[2] FLSA does not provide, for example, a cause of action for failure to provide wage-notices (as the New York Labor Law does).

dates in this action are adjourned and plaintiffs' New York Labor Law claims are

DISMISSED without prejudice; plaintiffs may, if they choose, pursue such claims in

state court.[3]

       SO ORDERED.

Dated:      New York, New York
              July 26, 2017


_____
      KATHERINE B. FORREST
      United States District Judge

---

[3] Separately, the Court notes that defendants Exclusive Solution Group, Dimitri Berezovsky, and Igor Birzh have filed a motion in limine "to preclude Plaintiffs from introducing at trial any evidence relating [to] any alleged damages with respect to Plaintiff Yadira Aguilar Cano ("Cano") on the ground that Plaintiffs violated Fed. R. Civ. P. 26 by failing to disclose any information whatsoever relating to such alleged damages in any of their Rule 26(a) Disclosures." (ECF No. 248 at 1.) The Court need not (and does not) rule on this motion at this time. Nonetheless, there appears to the Court to be some facial merit to defendants' position.