1:15-cv-07109-KBF

# In the
# United States Court of Appeals
## For the Second Circuit

August Term 2017

No. 17-2497-cv

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Aug. 8, 2018

LUCIA LOPEZ CATZIN, individually and on behalf of others similarly situated,
SILVIA VILLANO CLEMENTE, and YADIRA AGUILAR-CANO,

*Plaintiffs-Appellants,*

v.

THANK YOU & GOOD LUCK CORP. and ZENG LAN WANG,

*Defendants-Cross-*
*Defendants-Appellees,*

IGOR BIRZH, EXCLUSIVE MANAGEMENT SOLUTION GROUP, INC.,
DIMITRI BEREZOVSKY, and 115th STREET AND FIRST AVE LAUNDROMAT
INC.,

*Defendants-Appellees,*

OFF-BROADWAY LAUNDROMAT INC. and 2167 3rd AVE LAUNDROMAT
LLC,

*Defendants-Cross-*
*Claimants-Appellees.*

1

CERTIFIED COPY ISSUED ON 08/08/2018

17-2497-cv
*Lucia Lopez Catzin v. Thank You & Good Luck Corp.*

Appeal from the United States District Court
for the Southern District of New York
No. 15 Civ. 7109 (KBF), Katherine B. Forrest, District Judge, Presiding.
(Argued: February 14, 2018; Decided: August 8, 2018)

Before:        PARKER, HALL, and LOHIER, *Circuit Judges.*

Plaintiffs, several laundromat workers, brought this action against their employers under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* and the New York Labor Law, § 190 *et seq.*, alleging that their employers failed to pay plaintiffs the minimum wage, overtime, and violated other requirements of the wage-and-hour laws.   After discovery and resolution of the parties' cross motions for summary judgment, the case was proceeding to trial on various federal-law and state-law claims.   The day before the final pretrial conference and one week prior to the first day of trial, the District Court (Forrest, *J.*) *sua sponte*, and without notice to the parties or any opportunity to be heard, issued an order revoking its exercise of supplemental jurisdiction, vacating the trial, and dismissing the case.   We conclude the District Court erred in refusing to exercise supplemental jurisdiction under the circumstances.

**VACATED AND REMANDED.**

Michael Taubenfeld, Fisher Taubenfeld LLP, New York, N.Y., *for appellants Lucia Lopez Catzin, Silvia Villano Clemente, and Yadira Aguilar-Cano.*

Mark R. Kook, Law Office of Mark R. Kook, New York, N.Y., *for appellees Igor Birzh, Exclusive Management Solution Group, Inc., and Dimitri Berezovsky.*

> Oleg A. Mestechkin (Wing K. Chieu, on the
> brief), Mestechkin Law Group P.C., New
> York, N.Y., *for appellees Off-Broadway
> Laundromat, Inc., 2167 3rd Ave Laundromat
> LLC, and 115th Street and First Ave
> Laundromat Inc.*

BARRINGTON D. PARKER, *Circuit Judge:*

This appeal from an order of the United States District Court for the

Southern District of New York (Forrest, *J.*) requires us to decide whether the

District Court properly *sua sponte* declined to exercise supplemental jurisdiction

over plaintiffs' state-law claims and dismissed the case without affording the

parties notice or an opportunity to be heard.

Plaintiffs, several low-wage laundromat workers, sued their employers

under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.,* and the New

York Labor Law ("NYLL"), § 190 *et seq.*, alleging that their employers failed to pay

plaintiffs the minimum wage, overtime, and failed to provide various required

wage notices and statements.

The case was litigated for nearly two years, through discovery and

summary judgment.   The parties' cross motions for partial summary judgment

were granted in part and denied in part, ultimately leaving various FLSA and

17-2497-cv
*Lucia Lopez Catzin v. Thank You & Good Luck Corp.*

NYLL claims to be resolved at trial. Three weeks prior to the start of trial and

two weeks prior to the final pretrial conference, the parties filed their required

pretrial submissions, which omitted mention of the FLSA and focused on the

alleged NYLL violations. Shortly before the final pretrial conference, plaintiffs

filed a letter that noted, among other things, that they intended to pursue only

their NYLL claims at trial because they had concluded, on the basis of an

intervening clarification in Second Circuit law, that any potential recovery under

the FLSA would be subsumed by the recovery available under the NYLL.

For reasons that are inadequately supported by the record, the District

Court concluded that plaintiffs' inclusion of the FLSA claims had all along been

disingenuous and was a stratagem to manufacture federal jurisdiction. Acting

on this assumption, the day before the final pretrial conference, and without

affording the parties notice or an opportunity to be heard, the District Court *sua*

*sponte* issued an order that deemed plaintiffs to have abandoned their federal-law

claims. The District Court cancelled the pretrial conference and the trial

scheduled to start the following week. The District Court then declined to

exercise supplemental jurisdiction over plaintiffs' state-law claims and dismissed

them without prejudice, leaving the parties to start from the beginning in state

4

17-2497-cv
*Lucia Lopez Catzin v. Thank You & Good Luck Corp.*

court, and ordered the case closed.    Plaintiffs appeal and we vacate and remand

for further proceedings.

## BACKGROUND

The procedural history of this case is important for understanding the

sequence of events that precipitated the District Court's order.    In September

2015, plaintiffs filed their original complaint, bringing claims under the FLSA and

NYLL.    Plaintiffs later amended their complaint and, in June 2016, filed the

operative complaint, the Third Amended Complaint ("TAC").    The TAC

alleged seven claims against varying groups of defendants:    (1) failure to pay

minimum wages in violation of the FLSA, 29 U.S.C. § 206; (2) failure to pay

overtime wages in violation of the FLSA, 29 U.S.C. § 207; (3) failure to pay

minimum wages in violation of NYLL § 652; (4) failure to pay overtime wages in

violation of the NYLL, *see* 12 N.Y.C.R.R. § 142-2.2 (incorporating the FLSA

overtime definition into the NYLL); (5) failure to provide required wage notices

and wage statements in violation of NYLL § 195; (6) failure to pay

spread-of-hours payments in violation of the NYLL, *see* 12 N.Y.C.R.R. § 142-2.4;

and (7) failure to properly calculate wage deductions in violation of NYLL § 193.

As to each claim, plaintiffs alleged that defendants' violations were "willful"

17-2497-cv
*Lucia Lopez Catzin v. Thank You & Good Luck Corp.*

under § 255(a) of the FLSA, and § 198 of the NYLL.   As damages, plaintiffs

sought unpaid wages, prejudgment interest, liquidated damages, and attorneys'

fees and costs.

According to the TAC and the various declarations submitted in support of

the motions for summary judgment, plaintiffs worked at laundromats in New

York City owned by various defendants.   Plaintiffs' duties included loading and

unloading laundry machines and dryers, washing, drying, and folding clothes,

and occasionally working as cashiers.   Plaintiffs alleged that defendants

systematically underpaid them for a number of years.   The three plaintiffs are

seeking approximately $13,000 in unpaid wages and other relief available under

the wage-and-hour laws.

Discovery included a number of depositions (at least eight), and the

production of documentary evidence, such as pay stubs, pay logs, work

schedules, operating agreements, and tax returns.   In January 2016, the District

Court conditionally certified the case as an FLSA collective action under 29 U.S.C.

17-2497-cv
*Lucia Lopez Catzin v. Thank You & Good Luck Corp.*

§ 216(b).   In October 2016, the District Court denied plaintiffs' motion to certify

the case as a class action under Federal Rule of Civil Procedure 23(b)(3).[1]

Following discovery, plaintiffs and two subsets of defendants filed cross

motions for partial summary judgment.   The District Court granted these

motions in part and denied them in part.   The District Court granted summary

judgment to plaintiffs on the issue of whether the conduct of certain defendants

was willful, entitling them to liquidated damages under the FLSA and NYLL (if

they later proved their underlying wage-and-hour claims).   The District Court

also granted summary judgment to plaintiffs on whether one of the defendants

was an individual employer under the FLSA and NYLL and on plaintiffs' claim

of wage notice and statement violations under NYLL §§ 195(1) and 195(3).   The

District Court granted summary judgment to defendants Thank You & Good

Luck Corp., Zeng Lan Wang, 115th Street and First Avenue Laundromat Inc.,

Exclusive Management Solution Group, Inc., and Dimitri Berezovsky on

plaintiffs' FLSA claims on the ground that those defendants were not covered by

the FLSA or could not be liable under a theory of successor liability.   Finally, the

District Court determined that it would maintain supplemental jurisdiction over

---

[1] Plaintiffs sought to appeal the denial of their motion for class certification under Rule 23(f).   In February 2017, this Court denied leave to appeal.

7

17-2497-cv
*Lucia Lopez Catzin v. Thank You & Good Luck Corp.*

plaintiffs' NYLL claims over those defendants.   The District Court otherwise

denied the parties' summary judgment motions.

     After considerable back and forth over scheduling, the District Court set

August 2, 2017, as the trial date, with pretrial materials due July 13, motions *in*

*limine* due July 14, and oppositions due July 21.   A final pretrial conference was

set for July 27, 2017, roughly one week before the first day of trial.

     On July 14, the parties filed their pretrial submissions, which included a

joint final pretrial order, proposed jury instructions, a proposed verdict form, and

proposed voir dire questions.   The parties anticipated a short three-day trial

with around 11 witnesses and various documents.   The parties' proposed jury

instructions did not include any mention of the FLSA and instead focused on

liability under the NYLL claims, except for several references to model jury

instructions for FLSA liability, when presumably liability under the FLSA is

coextensive with liability under the NYLL.   The proposed jury instructions

section for "Hours Worked Definition" also contained references to two

provisions of the Code of Federal Regulations regarding rest breaks and meal

breaks, 29 C.F.R. §§ 785.18–19.   The proposed verdict form contained no

references to the FLSA and was instead limited to liability and various findings

under the NYLL.

The parties also filed motions *in limine*.   On July 22, plaintiffs filed an

opposition to defendants' motion *in limine*, in which they recounted the

procedural history of the case, noting that they filed the lawsuit asserting

violations of the FLSA and NYLL.   But, in a footnote, plaintiffs stated, "Plaintiffs

intend to pursue at trial only their NYLL claims since the NYLL provides all

relief that the FLSA provides."

On July 26, the day before the final pretrial conference and one week before

the start of the trial, the District Court, without affording the parties notice or an

opportunity to be heard, issued the order that is the subject of this appeal.   In

that order, the District Court described the parties' pretrial filings and observed

that those filings "focus solely on the New York Labor Law."   *Catzin v. Thank You*

*& Good Luck Corp.*, No. 15 Civ. 7109 (KBF), 2017 WL 3189871, at *1 (S.D.N.Y. July

26, 2017).   Noting that plaintiffs had stated that they "intend to pursue at trial

only their NYLL claims," the District Court concluded that "plaintiffs have

expressly abandoned and waived their claims under the Fair Labor Standards

Act," which were their only federal-law claims.   *Id*.

The District Court went on to address the factors district courts must

evaluate when determining whether to continue to maintain supplemental

jurisdiction when one of the four prongs of 28 U.S.C. § 1367(c) is applicable.

These are the familiar factors of judicial economy, convenience, fairness, and

comity.    *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).    Noting the

usual rule that when "all federal-law claims are eliminated before trial, the

balance of factors to be considered . . . will point toward declining to exercise

jurisdiction over the remaining state-law claims," *id.* at 350 n.7, the District Court

concluded that fairness and comity weighed strongly against exercising

supplemental jurisdiction but that there was "some judicial economy to be gained

by the exercise of supplemental jurisdiction" because "it is now the eve of trial."

*Catzin*, 2017 WL 3189871, at *2.    In the end, however, the District Court

concluded that while plaintiffs' "motives are not entirely clear, it appears to the

Court that plaintiffs may have strategically asserted FLSA claims for the purpose

of manufacturing jurisdiction, when they truly intended to litigate only claims

under the New York Labor Law."    *Id.*    The District Court concluded that the

exercise of supplemental jurisdiction would therefore "improperly reward

plaintiffs' actions and encourage similar behavior in the future."    *Id.*    The

District Court accordingly dismissed plaintiffs' NYLL claims, leaving them to be refiled in state court, cancelled the final pretrial conference and the trial, and closed the case. This appeal followed. We review a district court's determination of whether to exercise supplemental jurisdiction for abuse of discretion. *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 243 (2d Cir. 2011).

## DISCUSSION

We conclude that by failing to exercise supplemental jurisdiction under the circumstances of this case, the District Court committed three interrelated errors. First, it acted *sua sponte* without affording the parties notice and an opportunity to be heard. Second, it impugned, on the record, plaintiffs' counsel's motives without affording any notice about this assessment of counsel's conduct or any opportunity to explain himself. Finally, the District Court's analysis of the factors considered under 28 U.S.C. § 1367(c) for determining whether to exercise supplemental jurisdiction was inadequate.

First, as noted, the District Court undertook the supplemental jurisdiction inquiry *sua sponte* and dismissed the case without affording the parties notice or any opportunity to be heard. An opportunity to be heard prior

17-2497-cv
*Lucia Lopez Catzin v. Thank You & Good Luck Corp.*

to dismissing a case is not a mere formality and the reasons are straightforward:
"No principle is more fundamental to our system of judicial administration than
that a person is entitled to notice before adverse judicial action is taken against
him." *Lugo v. Keane*, 15 F.3d 29, 30 (2d Cir. 1994) (per curiam). This is because
"providing the adversely affected party with notice and an opportunity to be
heard plays an important role in establishing the fairness and reliability of" the
court's decision and "avoids the risk that the court may overlook valid answers to
its perception of defects in the plaintiff's case." *Snider v. Melindez*, 199 F.3d 108,
113 (2d Cir. 1999). *Sua sponte* dismissals without notice and an opportunity to be
heard "deviate from the traditions of the adversarial system" and "tend to
produce the very effect they seek to avoid—a waste of judicial resources—by
leading to appeals and remands." *Perez v. Ortiz*, 849 F.2d 793, 797 (2d Cir. 1988).

We have held that dismissing a case without an opportunity to be heard is,
at a minimum, bad practice in numerous contexts and is reversible error in
others. For example, generally in the context of a dismissal for failure to state a
claim, "[t]he district court has no authority to dismiss a complaint for failure to
state a claim upon which relief can be granted without giving the plaintiff an
opportunity to be heard." *Square D Co. v. Niagara Frontier Tariff Bureau, Inc.*, 760

12

F.2d 1347, 1365 (2d Cir. 1985) (Friendly, *J.*).   While in certain circumstances a *sua sponte* dismissal "may be appropriate," such as "in cases involving frivolous *in forma pauperis* complaints or frivolous habeas petitions," *Perez*, 849 F.2d at 797 (citations omitted), these circumstances require that "it is unmistakably clear that the court lacks jurisdiction, or that the complaint lacks merit or is otherwise defective," *Snider*, 199 F.3d at 113.   This principle also applies in the context of *sua sponte* dismissals without notice for lack of subject matter jurisdiction.   *See Digitel, Inc. v. MCI Worldcom, Inc.*, 239 F.3d 187, 189 n.2 & 190 (2d Cir. 2001) (per curiam) (construing the district court's order "as one deciding . . . *sua sponte* [a] Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction" and stating that "such lack of notice—even when the court has authority to act *sua sponte*—is to be avoided" but affirming the district court's order on its merits).   In general, a district court's failure to provide an opportunity to be heard prior to a *sua sponte* dismissal, as Judge Friendly noted, "is, by itself, grounds for reversal."   *Square D*, 760 F.2d at 1365 (quoting *Lewis v. New York*, 547 F.2d 4, 5-6 & n.4 (2d Cir. 1976)).

This was not a case in which "it is unmistakably clear that the court lacks jurisdiction." *Snider*, 199 F.3d at 113.   To the contrary, it is indisputable that the District Court possessed supplemental jurisdiction.   The District Court only

faced the discretionary inquiry of whether to discontinue that jurisdiction.   *See*

28 U.S.C. § 1367(c) (providing that the district court "*may* decline to exercise

supplemental jurisdiction" if one of four circumstances applies (emphasis

added)).   Here, the District Court identified § 1367(c)(3), which is when "the

district court has dismissed all claims over which it has original jurisdiction," as

the applicable prong of § 1367(c) that could provide an occasion to consider

whether to decline to exercise supplemental jurisdiction.   Under this prong, in a

great many cases, the evaluation will usually result in the dismissal of the

state-law claims.   *See Cohill*, 484 U.S. at 350 n.7.   But, because there will be cases

where dismissal will not be appropriate simply by virtue of the fact that the

federal-law claims have been eliminated prior to trial, district courts must still

conduct the inquiry and carefully evaluate the relevant factors.   Indeed, we have

upheld the exercise of supplemental jurisdiction even when all federal-law claims

were eliminated prior to trial, for example, in long-pending cases presenting no

novel issues of state law where "discovery had been completed, dispositive

motions had been submitted, and the case would soon be ready for trial."

*Kroshnyi v. U.S. Pack Courier Servs., Inc.*, 771 F.3d 93, 102 (2d Cir. 2014) (citing

17-2497-cv
*Lucia Lopez Catzin v. Thank You & Good Luck Corp.*

*Raucci v. Town of Rotterdam*, 902 F.2d 1050, 1055 (2d Cir. 1990)); *see, e.g., Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305–06 (2d Cir. 2003) (collecting cases).

Hearing from the parties either in person or on the papers is typically an essential component of the inquiry into whether to decline to exercise supplemental jurisdiction because, as this case illustrates, doing so goes a long way towards reasoned decisionmaking and enhances the fairness of the proceedings.   At the time this action was commenced in the District Court in 2015 there was uncertainty as to whether multiple sets of liquidated damages could be obtained under both the FLSA and the NYLL for the same conduct. But, in December 2016, we noted in a summary order that the NYLL and FLSA liquidated damages provisions are materially identical and can provide only one overlapping award of liquidated damages for the same conduct.   *See Chowdhury v. Hamza Express Food Corp.*, 666 F. App'x 59, 61 (2d Cir. 2016) (summary order). This conclusion was later adopted as the law of the Circuit in an opinion.   *See Rana v. Islam*, 887 F.3d 118, 123 (2d Cir. 2018) (per curiam) ("We therefore interpret the NYLL and FLSA as not allowing duplicative liquidated damages for the same course of conduct.").

17-2497-cv
*Lucia Lopez Catzin v. Thank You & Good Luck Corp.*

Had the District Court heard from the parties, light might have been shed on whether this clarification in the law had impacted the case. The plaintiffs could have explained whether they were trying to streamline the issues for the jury by not having to prove FLSA elements not required for NYLL liability, under which all their recovery could be obtained; whether they intended to abandon their FLSA claims; and whether they would continue to do so if the result would be an 11th-hour dismissal of the case. Insofar as the District Court based its determination on its assessment that plaintiffs were forum shopping and never actually intended to litigate their FLSA claims, giving plaintiffs an opportunity to be heard on this view might have enabled them to explain why they brought FLSA claims and litigated those claims for nearly two years, through discovery, and through summary judgment. Such an opportunity to be heard would have increased the fairness of the proceedings and minimized the risk that the court may have overlooked valid answers to its concerns. *See Snider*, 199 F.3d at 113.

We note that an opportunity to be heard on whether to exercise supplemental jurisdiction may be inherent in the course of pre-trial proceedings such as those resolving motions to dismiss or for summary judgment. In such situations, a district court need not provide a separate opportunity to be heard

17-2497-cv
*Lucia Lopez Catzin v. Thank You & Good Luck Corp.*

beyond the briefing and resolution of such motions. But, insofar as a district court undertakes, *sua sponte*, the inquiry into whether to maintain supplemental jurisdiction under circumstances similar to those presented here, it must give the parties notice and an opportunity to be heard prior.

Second, the District Court's error in declining to retain supplemental jurisdiction was exacerbated by its belief that plaintiffs were forum shopping and had brought their FLSA claims in order to manufacture federal jurisdiction. The problem with this explanation is that it is unsupported by the record and appears at odds with the course of the litigation. As noted, the case—including the federal-law claims—was vigorously litigated for years and involved significant discovery, dispositive motions, and a class certification motion that the plaintiffs attempted to appeal to the Second Circuit. The case was ready for trial.

We cannot glean from the record why counsel would have gone through all this effort if the federal-law claims were simply a ploy to get into federal court. The District Court itself noted the tenuousness of its conclusion, stating that, while plaintiffs' motives "are not entirely clear," it nonetheless "appears" that plaintiffs "may" have strategically brought their FLSA claims "for the purpose of manufacturing jurisdiction, when they truly intended to litigate only claims

under the New York Labor Law." *Catzin*, 2017 WL 3189871, at *2. The District

Court went on to acknowledge "that it is now the eve of trial and there is some

judicial economy to be gained by the exercise of supplemental jurisdiction.

However, the Court believes that doing so would improperly reward plaintiffs'

actions and encourage similar behavior in the future." *Id.* The District Court

cited nothing in the record—other than the purported recent withdrawal of the

FLSA claims—and made no adequate findings to support this determination.

We do not think the District Court should have reached such conclusions about

plaintiffs' motives while simultaneously acknowledging that those motives were

"not entirely clear." The District Court suggested that plaintiffs' counsel had

"strategically" asserted FLSA claims in order to "manufactur[e] jurisdiction" and

saw dismissal of the case as a form of sanction so that the court would not

"improperly reward plaintiffs' actions and encourage similar behavior in the

future." *Id.* This reasoning comes perilously close to charging plaintiffs'

counsel with unethical behavior, something a court should never do except with

the support of a careful inquiry, thorough analysis, and thoughtfully expressed

findings.

Third, we are not convinced that the District Court properly conducted the inquiry into whether to continue to exercise supplemental jurisdiction under 28 U.S.C. § 1367. As we have stated, that provision requires that "once it is determined that a supplemental claim is related to the claim within the court's original jurisdiction such that they form the same case or controversy, supplemental jurisdiction over the related claim is mandatory." *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 447 (2d Cir. 1998). In order for a district court to decline to exercise supplemental jurisdiction, "where section 1367(a) is satisfied, the discretion to decline supplemental jurisdiction is available *only if* founded upon an enumerated category of subsection 1367(c)." *Shahriar*, 659 F.3d at 245.

Section 1367(c) provides that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under [§ 1367(a)] if—

(1)     the claim raises a novel or complex issue of State law,
(2)     the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3)     the district court has dismissed all claims over which it has original jurisdiction, or
(4)     in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

28 U.S.C. § 1367(c).   If one of the § 1367(c) categories applies, the district court

may then undertake the discretionary inquiry of whether to exercise

supplemental jurisdiction.   If one of those categories applies, "a district court

should not decline to exercise supplemental jurisdiction unless it also determines

that doing so would not promote the values articulated in *Gibbs*: economy,

convenience, fairness, and comity."   *Jones v. Ford Motor Credit Co.*, 358 F.3d 205,

214 (2d Cir. 2004) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726

(1966)); *see also Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir.

2006) ("Once a district court's discretion is triggered under § 1367(c)(3), it

balances the traditional values of judicial economy, convenience, fairness, and

comity.").   The declining of supplemental jurisdiction must actually promote

those values as "the fact that one or more of the grounds for declining to exercise

supplemental jurisdiction set forth in section 1367(c) applies does not mean that

dismissal is mandated."   *Oneida Indian Nation of New York v. Madison County*, 665

F.3d 408, 439 (2d Cir. 2011).   We have emphasized both that, insofar as a §

1367(c) category is applicable, supplemental jurisdiction is a "doctrine of

discretion, not of plaintiffs' right," *Kolari*, 455 F.3d at 122 (quoting *Gibbs*, 383 U.S.

at 726), and that "[i]n providing that a district court 'may' decline to exercise

17-2497-cv
*Lucia Lopez Catzin v. Thank You & Good Luck Corp.*

[supplemental] jurisdiction, [§ 1367(c)] is permissive rather than mandatory,"
*Valencia*, 316 F.3d at 305.

The District Court invoked § 1367(c)(3) as the statutory basis that triggered
the discretionary inquiry of whether to exercise supplemental jurisdiction. It
determined that plaintiffs had abandoned their federal-law claims, and then it,
*sua sponte*, conducted the inquiry into whether to continue to exercise
supplemental jurisdiction. The District Court framed its analysis by citing *Cohill*
(which was decided prior to the codification of § 1367 in 1990) for the proposition
that "in the usual case in which all federal-law claims are eliminated before trial,
the balance of factors . . . will point toward declining to exercise jurisdiction over
the remaining state-law claims." *Catzin*, 2017 WL 3189871, at *2 (quoting *Cohill*,
484 U.S. at 350 n.7). But, the District Court's application of the § 1367(c)(3)
factors was inherently speculative. Because it did not hear from the parties, the
record does not afford us an adequate basis for examining whether the District
Court adequately assessed the § 1367(c)(3) factors.

When § 1367(c)(3) applies, the district court must still meaningfully balance
the supplemental jurisdiction factors. The principle that the elimination of
federal-law claims prior to trial generally points to declining to exercise

21

17-2497-cv
*Lucia Lopez Catzin v. Thank You & Good Luck Corp.*

supplemental jurisdiction "in the usual case" clearly does not mean that the

balance of the factors always points that way. Indeed, *Cohill* stated that this

principle "does not establish a mandatory rule to be applied inflexibly in all

cases." *Cohill*, 484 U.S. at 350 n.7. Nor does the record in this case establish that

it falls within the ambit of the "usual case," where judicial economy, convenience,

fairness, and comity counsel against exercising supplemental jurisdiction when §

1367(c)(3) applies.

     Our review of the record before us leaves us with significant doubt as to

how the District Court viewed the supplemental jurisdiction factors.

Supplemental jurisdiction was revoked one day prior to the final pretrial

conference and a week before the scheduled trial date. The trial was to be short,

roughly three days, and the parties and the District Court were ready for trial.

The case presented no issues of special state court expertise nor any novel

questions of state law or state-law causes of action that would be better decided

in state court. Instead, wage-and-hour cases like this one are quotidian, and

federal courts are well experienced in presiding over them, even when they

involve claims under the NYLL for which there is no FLSA equivalent, such as

for failure to provide wage notices. The District Court did not explain how

17-2497-cv
*Lucia Lopez Catzin v. Thank You & Good Luck Corp.*

comity between state and federal courts is advanced by saddling a state court

colleague with a wage-and-hour case of the type that is tried in federal court

every day.   Nor does the record lend itself to an understanding as to how

convenience or fairness was served by setting backwards the course of a case the

parties had vigorously litigated for nearly two years and causing them to expend

who knows how much time, legal fees, and distraction starting over in state

court.

Litigants come to court to have their problems solved.   The three plaintiffs

here are immigrant laborers who are seeking allegedly unpaid minimum wages

and overtime wages totaling roughly $13,000 (along with liquidated damages) for

washing, drying, and folding clothes.   While this amount of money may be

modest to some, it could well be significant to individuals in plaintiffs'

circumstances.   The fact that the case has been vigorously litigated for so long is

to us an indication of its importance to the parties.   The defendants are small

business owners of laundromats who presumably have experienced years of

legal bills and distraction from the responsibilities of running their businesses.

The record yields no clarity as to how judicial economy, convenience, fairness, or

comity might be served by requiring the parties to expend additional years as

well as dollars re-litigating in state court.   While we are certainly mindful of the

fact that district courts face significant caseloads and real pressure to move cases

along, the pressure to close cases must not overshadow the federal courts'

paramount role of being a forum where disputes are efficiently and fairly

resolved.   After all, as the very first Rule of Civil Procedure provides, procedure

in the district courts is meant "to secure the just, speedy, and inexpensive

determination of every action and proceeding."   Fed. R. Civ. P. 1.

## CONCLUSION

For the foregoing reasons, the order of the District Court is **VACATED** and

the case is **REMANDED** for further proceedings consistent with this opinion.

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

24