UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: __6/13/2022__

**LUCIA LOPEZ CATZIN, ET AL.,**

                **Plaintiffs,**

-against-

**THANK YOU & GOOD LUCK CORP.,**

                **Defendants.**

**15-cv-7109 (ALC)**

**OPINION & ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiffs sued Defendants — a group of laundromats and their owners — asserting claims under the New York Labor Law ("NYLL") for failure to pay minimum and overtime wages, failure to pay spread-of-hours payments, and failure to provide wage notices and wage statements.[1] Before the Court is Plaintiffs' motion for judgment and attorney's fees. The Court assumes familiarity with the facts of this case.

### I. Judgment Should be Entered Against Defendant Berezovsky.

This Court held a jury trial in this case from May 13, 2019 through May 20, 2019 to assess the liability of Defendants Dimitri Berezovsky, Igor Birzh, Exclusive Management Solution Group, Inc. ("EMSG"), Off-Broadway Laundromat, Inc., 2167 3rd Ave Laundromat, LLC, and 115th and Frist Ave Laundromat, LLC.[2] At trial, the jury found only Defendant EMSG liable. Plaintiffs now ask the Court to enter judgment against Defendant Berezovsky and find him liable under the NYLL

Rule 50(b) of the Federal Rules of Civil Procedure provides that "[i]f the court does not grant a motion for judgment as a matter of law" after a party has been heard fully at trial, that

---

[1] Plaintiff abandoned their FLSA claims in their opposition papers to Defendants' motions for summary judgment. *See* ECF No. 230.
[2] Plaintiffs settled with Defendants Thank You Good Luck Corp. and Zeng Lan Wang (together, the "Settling Defendants"). ECF No. 331-1.

party "may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59." Fed. R. Civ. P. 50(b).  The Court may properly grant a motion for judgment as a matter of law under Rule 50(b) "only if there is 'such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded [persons] could not arrive at a verdict against [the moving party].'" *Stratton v. Dep't for the Aging for the City of N.Y.*, 132 F.3d 869, 878 (2d Cir. 1997) (quoting *LeBlanc-Sternberg v. Fletcher*, 67 F.3d 412, 429 (2d Cir. 1995)). When deciding a Rule 50(b) motion, "a district court is required to 'consider the evidence in the light most favorable to the party against whom the motion was made and to give that party the benefit of all reasonable inferences that the jury might have drawn in his favor from the evidence.'" *LeBlanc-Sternberg*, 67 F.3d at 429 (quoting *Smith v. Lightning Bolt Prods., Inc.*, 861 F.2d 363, 367 (2d Cir. 1988)).

Plaintiffs argue that the jury's finding of not liable is inconsistent with the Court's prior ruling on summary judgment in its January 5, 2017 Opinion & Order.  The Court agrees.

Plaintiffs brought the issue to the Court's attention before the Court delivered the jury instructions.  Plaintiffs argued that by including Berezovsky on the verdict form, there is a risk of the jury finding Defendant Berezovsky not liable while finding EMSG liable.  The Court noted that in the event of such a verdict, the discrepancy would be dealt with at a later date.  *See* ECF No. 304 ("Trial Tr.") at 496:17-498"7, 500:14-501:7.  Contrary to Defendants' contentions that Plaintiffs waived their objections to the jury instructions, the Court expressly set aside the issue to be dealt with after the verdict.  Trial Tr. 501:19.  The Court made clear that including

Berezovsky on the verdict form was done as a measure to avoid any confusion that may arise in jury deliberations.  Trial Tr. 499:23-500:5.

Plaintiffs sought summary judgment on the issue of Defendant Berezovsky's status as an employer.  Defendants failed to address Plaintiffs' argument.  The Court found that Defendants had conceded this point and granted summary judgment on this issue.  As an employer, Defendant Berezovsky is jointly and severally liable for any recovery awarded to the Plaintiffs. *See Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 37 (E.D.N.Y. 2015) ("[E]ach Defendant is jointly and severally liable under the FLSA and the NYLL for any damages award made in Plaintiffs' favor." *See Pineda v. Masonry Const., Inc.*, 831 F.Supp.2d 666, 685 (S.D.N.Y. 2011)).

The jury's finding of not liable as to Defendant Berezovsky must be set aside. Accordingly, Plaintiff's motion to enter judgment as to Defendant Berezovsky is GRANTED.

## II.     Damages and Prejudgment Interest

New York State law mandates that an employee be paid at a rate not less than one–and–a–half times the regular rate for any time worked beyond the first 40 hours per week. *See* 12 NYCRR § 142–2.2 (overtime rate calculated in the same manner as under the FLSA).  The NYLL imposes a six–year statute of limitations period for actions brought under that statute. N.Y. Lab. Law § 663(3).  The NYLL also allows plaintiffs to recover liquidated damages. Because the New York Legislature raised the amount of liquidated damages from twenty-five percent to one hundred present effective April 9, 2011, Plaintiffs are entitled to liquidated damages equal to twenty-five percent of unpaid overtime work for NYLL violations occurring between November 24, 2009 and April 9, 2011 and one hundred percent of unpaid overtime

work performed thereafter. *See Valle v. Gordon Chen's Kitchen LLC*, 254 F. Supp. 3d 665, 678 (S.D.N.Y. 2017).

Having granted summary judgment in Plaintiffs' favor for their wage notice and pay stub requirement claims[3] under N.Y. Lab. Law Sections 195(1) and 195(3), Plaintiffs are entitled to damages specified under Sections 195(1) and 195(3). The damages are computed based on the length of the employer's violation of the NYLL. Until February 27, 2015, Section 195(3) allowed damages of $100 for each week the pay stub violation occurred. NYLL § 198(1-d) (effective April 9, 2011). After February 27, 2015, Section 195 (3) allowed damages of $250 for each work day that the violation continued not to exceed $5,000. NYLL § 198(1-d) (effective February 27, 2015). Similarly, before February 27, 2015, Section 195(1) allowed damaged of $50 for each work week that wage notice violations continued not to exceed $2,500. NYLL § 198(1-b) (effective April 9, 2011. After February 27, 2015, Section 195(1) allowed damages of $50 for each work day that the violations occurred not to exceed $5000. NYLL § 198(1-b) (effective February 27, 2015).

The Court must also determine whether the plaintiffs may recover prejudgment interest, in addition to liquidated damages, under the NYLL. New York's statutory prejudgment interest rate is nine percent. N.Y. C.P.L.R. § 5004. Where damages were incurred at various times, interest may be computed from "a single reasonable intermediate date" between the dates on which plaintiff began to incur damages and ceased incurring damages. N.Y. C.P.L.R. § 5001(b). In wage and hour cases, courts often use the midpoint of the plaintiff's employment within the limitations period. *See Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 93 (E.D.N.Y. 2012)

---

[3] *See* ECF No. 30 at 2-3.

(collecting cases).  This Court will calculate prejudgment interest as follows: Total Unpaid Wages x .09 x (Days Between Median Date and Date of Judgment)/365).

**Plaintiff Lucia Lopez Catzin** was employed by Exclusive Management Solution Group, Inc. from December 9, 2014 through July 28, 2015.  Stipulated Facts ¶ 70.  Thus, the Median Date of Lopez Catzin's employment is April 3, 2015.  She is entitled to the following damages award:

- Unpaid Minimum Wage: $233.88

- Unpaid Overtime: $1775.51

- Liquidated Damages Under NYLL: $1,931.38

- Damages Under NYLL §§ 195(1) and 195(3): $10,000

- Prejudgment Interest: $1,302.58

**Plaintiff Silvia Villano Clemente** began employment with Exclusive Management Solution Group, Inc. on December 9, 2014.  ECF No. 282-2 ("Stipulated Facts") ¶ 78.  Plaintiff Villano Clemente stopped working for Exclusive Management Solution Group, Inc. in 2018.  *Id.* ¶ 79.  Plaintiff Villano Clemente does not allege any claims against EMSG for the period since November 15, 2015.  *Id.*  ¶ 80.  Thus, the Median Date of Villano Clemente's employment is May 28, 2015.  She is entitled to the following damages award:

- Unpaid Minimum Wage: $450

- Unpaid Overtime: $2,476.94

- Liquidated Damages Under NYLL: $2,926.94

- Damages Under NYLL §§ 195(1) and 195(3): $10,000

- Prejudgment Interest: $1,857.69

**Plaintiff Yadira Aguilar-Cano** was employed by Exclusive Management Solution Group, Inc. from January 3, 2011 through July 6, 2014. Stipulated Facts ¶ 87. Thus, the Median Date of Aguilar-Cano's employment is October 4, 2012. She is entitled to the following damages award:

- Unpaid Overtime: $8,112.90
- Liquidated Damages Under NYLL: $5,819.03
    - January 3, 2011 to April 8, 2011: $764.43
    - April 9, 2011 to July 6, 2015: $5,054.40
- Damages Under NYLL §§ 195(1) and 195(3): $5,000
- Prejudgment Interest: $7,081.56

### III.  Attorney's Fees and Costs.

Turning now to Plaintiffs' motion for fees and costs, Defendants argue Plaintiffs' requested fees should be reduced to account for unsuccessful motions and the dismissal of several defendants. Plaintiffs' counsel was twice successful on their motions for collective action. *See* ECF Nos. 39, 60. Their class action motion, though unsuccessful, was made in good faith with a reasonable possibility of success. Defendants also seek to discount fees for work attributed to other entities who have settled with Plaintiffs. This would be nonsensical. Plaintiffs brought their claims against all Defendants and prosecuted their case accordingly. Upon settling with several defendants, Plaintiffs properly amended their complaint. They should not be penalized for Defendants Berezovsky and EMSG's decision to proceed to trial. Acknowledging the procedural history of this action, Plaintiffs have voluntarily reduced their requested fees by 10% and deducted fees from hours expended on their Rule 23(f) petition. Accordingly, the Court declines to make further reductions.

Plaintiffs' counsel has requested an hourly rate of $450 for two attorneys; $175 for one attorney; $120 for one law clerk; and $100 for two paralegals. Pls.' Br. at 15-16. "A reasonable hourly rate is a rate in line with prevailing rates in the community for similar services by lawyers of reasonably comparable skill, expertise and reputation." *McDonald ex rel Prendergast v. Pension Plan of the NYSA–ILA Pension Trust Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (quoting *Blum v. Stenson.* 465 U.S. 886, 895 n. 11 (1984)) (internal quotation marks and alteration marks omitted). "Consistent precedent in the Southern District reveals that rates awarded to experienced civil rights attorneys over the past ten years have ranged from $250 to $600, and that rates for associates have ranged from $200 to $350, with average awards increasing over time." *Torres v. Gristede's Operating Corp.*, No. 04 Civ. 3316 (PAC), 2012 WL 3878144, at *3 (S.D.N.Y. Aug. 6, 2012) *aff'd*, 519 F. App'x 1 (2d Cir. 2013) (citing *Clover v. Shiva Realty of Mulberry, Inc.*, No. 10 CIV. 1702 RPP, 2011 WL 1832581, at *1 (S.D.N.Y. May 13, 2011)); *see also id.* (collecting cases); *Cao v. Wu Ye Lexington Rest., Inc.*, No. 08 Civ. 3725, 2010 WL 4159391, at *8 (S.D.N.Y. Sept. 30, 2010) ("The rates sought by Plaintiffs' counsel ($400 for partners, $350 for litigation counsel, $300 for associates with three to seven years' experience, and $200 for associates with one to two years' experience) are consistent with (or lower than) the rates used in other cases involving attorney fee awards to large New York firms on pro bono matters.").

Upon review of Plaintiffs' counsel's submissions, the Court makes two adjustments. First, Plaintiffs' counsel charged their full rate for travel time 24 occasions. Mr. Taubenfeld charged 9.7 hours of travel time; Ms. Heras, 3.6 hours; and Ms. Echgoyen, .5 hours. Courts in this Circuit routinely halve the hourly rate for travel time. *See Siegel v. Bloomberg L.P.*, No. 13-cv-1351-DF, 2016 WL 1211849, at *7 (S.D.N.Y. Mar. 22, 2016) ("Although it is within a

district court's discretion to compensate travel time at the full hourly rate, courts in the Second Circuit often reduce attorneys' fees for travel time by 50 percent."); *Hugee v. Kimso Apartments, LLC*, 852 F. Supp. 2d 281, 302 (E.D.N.Y. 2012) (collecting cases). Accordingly, the Court will subtract half the travel time from the hours expended. The adjusted hours are as follows:

| Biller | Position | Hrs. Expended |
|---|---|---|
| Alan Serrins | Attorney | .6 |
| Michael Taubenfeld | Attorney | 490.5 |
| Corey Stein | Attorney | .3 |
| Ann Marie Effingham | Law Clerk | 14.2 |
| Raquel Heras | Paralegal | 44.7 |
| Cybill Echgoyen | Paralegal | 37.75 |

Next, Plaintiffs' counsel requested hourly rates should be adjusted down. Courts in this Circuit assess hourly rates based on the requesting attorney's experience in the particular area. Here, Mr. Taubenfeld has worked as an attorney on labor and employment cases for ten years. For attorneys with his experience, courts in this district routinely award between $300 and $350 per hour. *See Castellanos v. Mid Bronx Cmty. Hous. Mgmt. Corp.*, No. 13 CIV. 3061 JGK, 2014 WL 2624759, at *7 (S.D.N.Y. June 10, 2014) (collecting cases); *see also Gunter v. Silver's Crust W. Indian Rest. & Grill, Inc.*, No. 18-cv-1804-WFK-RER, 2021 WL 966147, at *3 (E.D.N.Y. Feb. 25, 2021), *report and recommendation adopted,* No. 18-cv-01804-WFK-RER, 2021 WL 964921 (E.D.N.Y. Mar. 15, 2021) (reducing Taubenfeld's rate to $300 per hour because "[r]ates of $400 per hour or higher in FLSA cases have generally been reserved for attorneys with more experience than Mr. Taubenfeld). Mr. Serrins has been working as an attorney in labor and employment disputes for over 35 years. The requested rate of $450 per hour is reasonable for attorneys with Mr. Serrins's experience. The requested rates of $175 for an attorney with eight years of experience; $120 per hour for law clerks; and $100 for paralegals are in line with other awards in this district.

| Biller | Position | Adjusted Rate |
|---|---|---|
| Alan Serrins | Attorney | $450 |
| Michael Taubenfeld | Attorney | $325 |
| Corey Stein | Attorney | $175 |
| Ann Marie Effingham | Law Clerk | $120 |
| Raquel Heras | Paralegal | $100 |
| Cybill Echgoyen | Paralegal | $100 |

Given the adjusted hours and rates, the Court has calculated the following fees incurred:

| Biller | Position | Adjusted Fees |
|---|---|---|
| Alan Serrins | Attorney | $270 |
| Michael Taubenfeld | Attorney | $180,880 |
| Corey Stein | Attorney | $52.50 |
| Ann Marie Effingham | Law Clerk | $1,704 |
| Raquel Heras | Paralegal | $4,470 |
| Cybill Echgoyen | Paralegal | $4,325 |

Plaintiffs cite the jury's finding that the Laundromat Defendants were not liable as the reason for their voluntary reduction as well as their unsuccessful class motion. Plaintiff has already agreed not to seek fees related to their appeal of the denial of class certification. As such, the Court assesses the 10% reduction after accounting for hours expended on the Rule 23(f) petition and the amount received from the Thank You Good Luck Defendants. Plaintiffs' total fees incurred, less the time spent on their Rule 23(f) petition, totals $169,684. After subtracting the amount received from the Thank You Good Luck Defendants, this total becomes $155,833.73. Reducing the fee by 10% results in $140,250.36.

Accordingly, the Court will award a total of $140,250.36 in attorneys' fees and $4,064.86 in costs, which accounts for the amount received from the Thank You Good Luck Defendants.

## CONCLUSION

For reasons given above, Plaintiffs' motions for attorney's fees and to set aside the jury's finding and enter judgment against Defendant Berezovsky is **GRANTED**. The Clerk of the

Court is respectfully directed to enter judgment for Plaintiffs and against Defendants Berezovsky and EMSG as follows:

(1) To Plaintiff Lopez Catzin under the New York Labor Law §§ 650 *et. seq.* and 190 *et. seq.* in the amount of $233.88 for unpaid minimum wages;

(2) To Plaintiff Lopez Catzin under the New York Labor Law §§ 650 *et. seq.* and 190 *et. seq.* in the amount of $1,777.51 for unpaid overtime wages;

(3) To Plaintiff Villano Clemente under the New York Labor Law §§ 650 *et. seq.* and 190 *et. seq.* in the amount of $450.00 for unpaid minimum wages;

(4) To Plaintiff Villano Clemente under the New York Labor Law §§ 650 *et. seq.* and 190 *et. seq.* in the amount of $2,476.94 for unpaid overtime wages;

(5) To Plaintiff Aguilar-Cano under the New York Labor Law §§ 650 *et. seq.* and 190 *et. seq.* in the amount of $8,112.90 for unpaid overtime wages;

(6) To Plaintiff Lopez Catzin under the New York Labor Law §§ 650 et. seq. and 190 *et. seq.* $1,961.38 in liquidated damages;

(7) To Plaintiff Villano Clemente under the New York Labor Law §§ 650 et. seq. and 190 et. seq. $2,926.94 in liquidated damages;

(8) To Plaintiff Aguilar-Cano under the New York Labor Law §§ 650 et. seq. and 190 *et. seq.* $5,819.03 in liquidated damages;

(9) To Plaintiff Lopez Catzin under New York Labor Law §§ 198 $10,000 for New York Labor Law § 195 damages;

(10) To Plaintiff Villano Clemente under New York Labor Law §§ 198 $10,000 for New York Labor Law § 195 damages;

(11) To Plaintiff Aguilar-Cano under New York Labor Law §§ 198 $5,000 for New York Labor Law § 195 damages;

(12) To Plaintiff Lopez Catzin under New York Labor Law §§ 650 et. seq. and 190 *et. seq.*, $1,302.58 in prejudgment interest;

(13) To Plaintiff Villano Clemente under New York Labor Law §§ 650 et. seq. and 190 *et. seq.*, $1,857.68 in prejudgment interest;

(14) To Plaintiff Aguilar-Cano under New York Labor Law §§ 650 et. seq. and 190 *et. seq.*, $7,081.56 in prejudgment interest;

(15) To Plaintiffs attorneys' fees totaling $140,250.36 under the New York Labor Law §§ 663 and 198;

    (16)    To Plaintiffs attorneys' costs totaling $4,064.86 under the New York Labor Law §§ 663 and 198;

IT IS FURTHER ORDERED and ADJUDGED if any amounts under New York Labor Law §§ 650 *et. seq.* and 190 *et. seq.* remain unpaid to Plaintiffs upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal therefrom is then pending, whichever is later, the total amount of judgment to Plaintiffs under New York Labor Law §§ 650 *et. seq.* and 190 *et. seq.* shall automatically increase by fifteen percent.

**SO ORDERED.**

Dated:    June 13, 2022
             New York, New York

                                                       **ANDREW L. CARTER, JR.**
                                                       **United States District Judge**